No. 97-158

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and Respondent,

v.

CHARLES SCOTT WHITMER,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
Honorable Ed McLean, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Mark McLaverty, Public Defenderþs Office, Missoula, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Chris D. Tweeten,
Assistant Attorney General, Helena, Montana

Robert L. Deschamps, III, County Attorney, Missoula, Montana

Submitted on Briefs: August 28, 1997

Decided: October 10, 1997
Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The Fourth Judicial District Court, Missoula County, found Charles Scott Whitmer guilty of failing to register as a violent offender.  Whitmer appeals.  We reverse and
remand.

We restate the issue raised on appeal as follows:

Did the Montana Legislature intend the 1995 amendments to  46-23-504, MCA (1989), which extended the registration requirement to violent offenders, to apply retroactively to those individuals convicted of violent offenses before October 1, 1995?

BACKGROUND

Prior to July 1993, Whitmer received a suspended sentence for felony assault. Whitmer violated conditions of the suspended sentence, and following a revocation hearing held on July 13, 1993, he was remanded to the custody of the Montana Department of Corrections.  When Whitmer completed his sentence on January 29, 1996, prison officials notified him, pursuant to  46-23-503, MCA (1995), of his obligation to
register as a violent offender according to  46-23-504, MCA (1995).  Whitmer did not register.

On May 10, 1996, the State of Montana filed an information charging Whitmer with failure to register as a violent offender in violation of  46-23-507, MCA (1995).
Whitmer pleaded not guilty.  He moved to dismiss the charge, claiming the registration
requirement was retroactive and the State had failed to notify him of his duty to report,
a condition precedent of  46-23-507, MCA (1995).  The District Court denied Whitmerþs motion to dismiss.

Whitmer withdrew his not guilty plea and entered a plea of guilty to the Stateþs charge while also reserving the right to appeal from the courtþs denial of his motion to
dismiss.  Whitmer was convicted of failure to register as a violent offender and received
a five-year suspended sentence subject to certain conditions.  This appeal followed.

DISCUSSION

Did the Montana Legislature intend the 1995 amendments to  46-23-504, MCA (1989), which extended the registration requirement to violent offenders, to apply retroactively to those individuals convicted of violent offenses before October 1, 1995?

The District Court denied Whitmerþs motion to dismiss, concluding that the þstatutory provisions at  46-23-501 et seq requiring the Defendant to register as a violent
offender upon release from prison is not ex post facto in nature, but rather is a reasonable
regulatory measure.þ  For the reasons discussed below, we conclude it was unnecessary for the court to reach this conclusion because the Legislature did not intend the 1995
amendments to  46-23-504, MCA (1989), to apply retroactively.

Section 46-23-504, MCA (1995), requires a person convicted of a violent offense

as defined at 46-23-502(4), MCA (1995), upon release from prison, to register with local law enforcement officials and to provide them with information regarding the personþs planned residence. This requirement arose from amendments adopted as part of 1995 Mont. Laws, ch. 407, which became effective on October 1, 1995.

Prior to the effective date of Chapter 407, sexual offenders were required to register with local law enforcement. See 46-23-504, MCA (1989). Whitmer was convicted of felony assault, which is a violent offense under 46-23-502(4), MCA (1995), but not a sexual offense according to 46-23-502(3), MCA (1989). Therefore, Whitmer had no obligation to register as a violent offender under the statutes in effect at the time he was convicted of felony assault. That obligation, if it existed, arose from the 1995 amendments to Chapter 407.

Section 1-2-109, MCA, provides: þNo law contained in any of the statutes of Montana is retroactive unless expressly so declared.þ In 1989, the Legislature enacted statutes which require sex offenders, upon release from custody, to register with local law enforcement. As discussed above, these provisions did not apply to Whitmer because his offense, felony assault, was not included within the class of sex offenses which triggered the registration requirement.

In 1995, the Legislature enacted Chapter 407, which added individuals convicted of a þviolent offenseþ to those required to register. Chapter 407 was proposed as House Bill 214, which included an applicability clause providing:

Section 15. Retroactive applicability. [This act] applies retroactively, within the meaning of 1-2-109, to persons convicted of a sexual or violent offense before [the effective date of this act], as well as to persons convicted of a sexual or violent offense after [the effective date of this act], regardless of the date of the crime.

During the hearing before the House Committee on the Judiciary, a representative of the American Civil Liberties Union testified against HB 214 because he believed the retroactivity clause violated the ban against ex post facto legislation. The sponsor of HB 214 proposed an amendment deleting the retroactivity clause. The amendment passed the Committee.

A law is presumed to have prospective application and can be applied retroactively only if the intent to do so is expressly stated. Section 1-2-109, MCA. For purposes of 1-2-109, MCA, a law is retroactive if it þtakes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty or attaches a new disability, in respect to transactions already past[.]þ Butte & Superior Mining Co. v. McIntyre (1924), 71 Mont. 254, 263, 229 P. 730, 733.

We conclude that the Legislature did not intend to apply Chapter 407, which

extended the registration requirement to violent offenders, to those individuals convicted
of violent offenses before October 1, 1995.  Therefore, Whitmer had no obligation to
register with Missoula law enforcement officials after he was released from prison.  The
District Court erred when it denied Whitmerþs motion to dismiss.

   Whitmer contends that the application of the violent offender registration
requirement to him based on statutory amendments adopted after he was sentenced
violates the  constitutional prohibition against ex post facto legislation.  We need not
address this issue because, as the legislative history of Chapter 407 demonstrates, the
Legislature did not intend to apply Chapter 407 to those individuals convicted of violent
offenses before the law became effective on October 1, 1995.

   The State of Montana as respondent in this case agrees that the registration
requirement of  46-23-504, MCA (1995), does not apply to persons who committed
violent offenses prior to October 1, 1995.

     This Court takes judicial notice that as part of 1997 Mont. Laws, ch. 375, the
Legislature amended  46-23-501 through -508, MCA (1995).  The 1997 amendments
contain a retroactive applicability clause similar to the one deleted from HB 214.  The
1997 amendments become effective on October 1, 1997, and are not in this case before
the Court.

     Reversed and remanded with instructions consistent with this Opinion.

                        /S/  J. A.  TURNAGE


We concur:

/S/  WILLIAM E. HUNT, SR.
/S/  TERRY N. TRIEWEILER
/S/  W. WILLIAM LEAPHART
/S/  JIM REGNIER