OPINION OF THE COURT
Daniel Palmieri, J.
This is a proceeding to determine whether and to what extent a person convicted under a Federal statute is required to register and be classified under New York’s Megan’s Law, Corree *898 tion Law article 6-C (hereinafter referred to as SORA [Sex Offender Registration Act]).
The subject of this proceeding (the respondent) was convicted in the Eastern District of New York of a violation of 18 USC § 2252A (b) (2), dealing with the knowing possession of child pornography. For purposes of the crime under which the respondent was convicted, “child pornography” is defined as images involving a minor (18 USC § 2256 [8]) and “minor” is defined as a person under the age of 18 years (18 USC § 2256 [1]).
The respondent has been released on parole from Federal prison in Pennsylvania and has established residence in Nassau County, and at or about the time of his release from Federal prison, he was notified by the New York State Board of Examiners of Sex Offenders (the Board) that his case was identified for review and invited to submit relevant materials. Through his then attorney a submission was made to the Board contesting, inter alia, whether the respondent should even be required to register. The Board found registration to be necessary and notified the respondent and this court that a risk level determination is required to be made by this court. A risk level of 1, the lowest available, was recommended by the Board.
At the hearing the respondent argued that SORA is unconstitutional as applied to him and also that SORA does not apply because he was not convicted of an offense in another jurisdiction which includes all of the essential elements of a felony which in New York would be covered by SORA. The People argued that the respondent was convicted of a felony in a jurisdiction in which the offender is required to register.
Doe v Pataki (120 F3d 1263 [2d Cir 1997], cert denied 522 US 1122 [1998]) held that SORA does not violate ex post facto principles and while Doe v Pataki (3 F Supp 2d 456 [SD NY 1998]) expressed certain other reservations, there have been no other successful constitutional challenges to SORA.
Moreover, SORA was amended effective January 1, 2000 by chapter 453 of the Laws of 1999 to meet the reservations expressed in Doe v Pataki (supra) with emphasis on those who establish residence in New York from other States. (Bonacquist, 1999 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 10B, Correction Law art 6-C, 2000 Pocket Part, at 92.)
Amended SORA (Correction Law) § 168-a (2) (b) defines “sex offense” in pertinent part as: “A conviction of an offense in any *899 other jurisdiction, which includes all of the essential elements of any such felony provided for in paragraph (a) of this subdivision * * * or conviction of a felony in any other jurisdiction * * * and for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred.”
SORA does not define the term “other jurisdiction” and the legislative history of the recent amendment fails to address the phrase.
Amended SORA § 168-k (2) provides that if a sex offender from another jurisdiction establishes residence in New York, “The board shall determine whether the sex offender is required to register with the division” (of criminal justice services) and “It shall be the duty of the county court or supreme court in the county of residence of the sex offender * * * to determine the duration of registration.” This section also requires the court to make findings of fact and legal conclusions and permits the sealing of confidential material.
Based on SORA, the authority to determine if registration is required is vested solely with the Board, there is no avenue of review by this court of the Board’s determination to require registration, and the court’s role is relegated to that of determining the respondent’s risk assessment level.
At the hearing, the People offered to permit this proceeding, upon due notice to the New York Attorney General, to be converted to a proceeding pursuant to CPLR article 78, thereby affording to this court the opportunity to determine whether the Board properly exercised its authority in requiring registration in this case; however, the respondent declined to stipulate to the foregoing.
The Board and the People have recommended a risk level of 1, that being the lowest available. The respondent takes issue with the entire process. The court adopts the reasoning and findings of the Board as set forth in its case summary and Risk Assessment Instrument. Specifically, the court finds that this is the only crime in the respondent’s background, there is no history of alcohol or substance abuse, and the respondent has admitted to the offense, accepted responsibility, cooperated with the law enforcement authorities and is seeing a therapist. Further, his crime, while serious, did not involve any act of violence by him or any interaction by him with its victims. Moreover, he will be on Federal probation until March 2003. The point total is 30; the designation is level 1.
The foregoing determination is made with some reservations as to whether SORA applies to this case and the court believes *900 that the respondent has made a persuasive argument that SORA is not applicable in this instance. Since SORA requires that the court reach legal conclusions and since there do not appear to be any reported decisions on how convictions in Federal courts are treated by SORA, some observations should be made on the interaction of the Federal statutory scheme with SORA.
Turning to the Penal Law for guidance, one finds that in defining whether for sentencing purposes a person is a second violent felony offender, the statute is satisfied by a conviction “in any other jurisdiction of an offense which includes all of the essential elements of any such felony.” (Penal Law § 70.04 [1] [b] [i].) This language is virtually identical to that employed in SORA § 168-a (2) (b).
New York’s predicate felony statute has been found to apply to Federal convictions; however, courts have scrutinized the Federal statutes under which convictions have been obtained in order to ascertain the presence of all of the essential elements of the analogous New York penal statute. (People v Smith, 129 AD2d 517 [1st Dept 1987]; People v Grate, 122 AD2d 853 [2d Dept 1986], lv denied 68 NY2d 1000.)
In this case the analogous New York statute is Penal Law § 263.11, which provides: “A person is guilty of possessing an obscene sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control any obscene performance which includes sexual conduct by a child less than [16] years of age.”
It is readily apparent that it is possible to violate the Federal statute with a person less than 18 years of age, without violating the New York statute. It has been held that where the essential elements of a statute in another jurisdiction do not comport with the New York statute, that conviction may not be used as a predicate for sentencing purposes. (People v Gonzalez, 61 NY2d 586 [1984]; People v Love, 111 AD2d 134 [1st Dept 1985].) The court must compare the foreign and New York statutes; it is the statute upon which the indictment was drawn that defines and measures the crime and the crime cannot be extended by allegations in the indictment or by reference to trial evidence. (People v Gonzalez, supra, at 589.)
The same reasoning should apply in making a determination of whether for purposes of SORA a conviction in another jurisdiction is based on the same essential elements as an analogous New York penal statute, and when applying this standard the essential elements of the New York and Federal statutes do not match.
*901 The People, while not conceding the issue, focus on the prong of SORA quoted above which requires registration if the person “is required to register as a sex offender in the jurisdiction in which the conviction occurred.” (SORA [Correction Law] § 168-a [2] [b].)
It is thus necessary to determine what the Federal legislation requires. The Federal statutory scheme is contained at 42 USC § 14071 et seq. which requires States to create sex offender registries within a minimum period of time, pursuant to guidelines established by the Attorney General. The penalty for States that do not comply is reduction of certain Federal grant funding. (See, Center for Sex Offender Management, Sex Offender Registration: Policy Overview and Comprehensive Practices [Oct 1999].)
The Federal legislation does not set up its own sex offender registration requirement, but rather requires the States to adopt programs, pursuant to Federal guidelines, for sex offender registration. (42 USC § 14071 [a].) Included within the Federal mandates are directives that each State require registration of residents convicted of a Federal offense or in a court martial. (42 USC § 14071 [b] [7].) Further, Federal prison and military officials are required to give notice to State authorities when a person who has been convicted of certain Federal crimes, including the offense for which respondent was convicted, is released. (18 USC § 4042.)
An FBI database is established pursuant to 42 USC § 14072; however, registration is only required if a person resides in a State that has not established a minimally sufficient sex offender registration program (42 USC § 14072 [a], [c]), clearly not the situation in this case where New York does have a registration statute that meets Federal standards.
The aim of Federal statutory authority is to encourage State enactment of sex offender legislation which encompasses and includes those convicted under Federal statutes. The Federal statutes do not in and of themselves constitute a registration requirement as contemplated by SORA (Correction Law) § 168-a (2) (b), but rather establish the parameters required for State sex offender registration laws. Thus the argument of the People that the respondent must register in New York because he is required to register in another jurisdiction, i.e., Federal, is misplaced and registration in New York should not be so predicated.
Since neither of the requirements of SORA § 168-a (2) (b) would be satisfied, i.e., out-of-jurisdiction conviction under a *902 comparable statute or conviction in a jurisdiction which would require registration for the offense committed, the requirement of registration by this respondent is questionable but must be resolved through a proceeding pursuant to CPLR article 78 challenging the Board’s determination.
The court has considered the presentence report prepared in connection with respondent’s Federal conviction. That report is sealed, except insofar as it may be used in any appeals.