JASON RODIMEL, Plaintiff-Appellant, v. THE COOK COUNTY SHERIFF'S OFFICE *et al.*, Defendants-Appellees.

First District (5th Division) No. 1—03—2967

Opinion filed December 23, 2004.

Gardiner, Koch & Weisberg, of Chicago (James B. Koch and Daniel J. Nickel, of counsel), for appellant.

Lisa Madigan, Attorney General, of Chicago (Jan E. Hughes, Assistant Attorney General, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Jason Rodimel, appeals from the circuit court's order dismissing his declaratory judgment action against defendants, Cook County sheriff's office, Cook County State's Attorney's office and Illinois State Police. Plaintiff's complaint sought the court's declaration that the Illinois Sex Offender Registration Act (Registration Act) (730 ILCS 150/2 (West 2002)) did not require plaintiff to register as a sex offender in Illinois. On appeal, plaintiff contends the trial court erred in dismissing his complaint because the offense of which he was convicted by a military court is not explicitly included in the Registration Act, nor is it substantially equivalent to any of the offenses listed in the Registration Act. We affirm.

In October, 2001, plaintiff was convicted of indecent assault under Article 134 of the Uniform Code of Military Justice (Military Code) (10

U.S.C. § 934 (2000)). Specifically, the military court found plaintiff guilty of "commit[ting] an indecent assault upon [the victim], a person not his wife, by kissing her on the mouth, by straddling her, and by grabbing her breasts, with the intent to gratify his sexual desires." Plaintiff's sentence included a reduction in military grade, one month's confinement and a discharge for "bad conduct."

After his discharge, plaintiff established residence in Indiana and registered with the Porter County police as a sex offender. He renewed his registration the following year. Plaintiff moved to Chicago in December 2002 and informed the Porter County police and the Cook County sheriff's office of his move. Plaintiff also informed them, upon his counsel's advice, of his belief that he need not register as a sex offender in Illinois. Plaintiff then filed a complaint for declaratory judgment seeking a declaration that the Registration Act does not require him to register as a sex offender. The State Police filed a motion to dismiss, pursuant to sections 2—615 and 2—619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—615, 2—619 (West 2002)).

On September 17, 2003, the trial court granted the motion to dismiss under section 2—619 of the Code, finding the offense of indecent assault was "substantially similar" to criminal sexual abuse (720 ILCS 5/12—15 (West 2002)), and therefore plaintiff must register as a sex offender under Illinois law. Plaintiff filed this timely appeal.

Dismissal of the complaint under section 2—619 of the Code is proper where the "claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 2002). "Affirmative matter" refers to "a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999). The trial court's order granting defendants' section 2—619 motion to dismiss is reviewed *de novo. Glisson*, 188 Ill. 2d at 220.

Plaintiff argues the trial court improperly dismissed his complaint because indecent assault, the offense for which he was convicted by a military court, is not explicitly included in the Registration Act, nor is it substantially equivalent to any of the listed offenses. Section 2 of the Registration Act states as follows:

"(A) As used in this Article, 'sex offender' means any person who is:

(1) charged pursuant to Illinois law, or any substantially similar federal, Uniform Code of Military Justice, sister state, or foreign country law, with a sex offense set forth in subsection (B) of this Section or the attempt to commit an included sex offense, and:

(a) is convicted of such offense or an attempt to commit such offense[.]

\* \* \*

(B) As used in this Article, 'sex offense' means:

(1) A violation of any of the following Sections of the Criminal Code of 1961:

11—20.1 (child pornography),

11—6 (indecent solicitation of a child),

11—9.1 (sexual exploitation of a child),

11—15.1 (soliciting for a juvenile prostitute),

11—18.1 (patronizing a juvenile prostitute),

11—17.1 (keeping a place of juvenile prostitution),

11—19.1 (juvenile pimping),

11—19.2 (exploitation of a child),

12—13 (criminal sexual assault),

12—14 (aggravated criminal sexual assault),

12—14.1 (predatory criminal sexual assault of a child),

12—15 (criminal sexual abuse),

12—16 (aggravated criminal sexual abuse),

12—33 (ritualized abuse of a child).

An attempt to commit any of these offenses.

\* \* \*

(C) A conviction for an offense of federal law, Uniform Code of Military Justice, or the law of another state or a foreign country that is substantially equivalent to any offense listed in subsections (B), (C), and (E) of this Section shall constitute a conviction for the purpose of this Article." 730 ILCS 150/2 (West 2002).

The Registration Act provides that "[a] sex offender, as defined in Section 2 of this Act, or sexual predator shall, within the time period prescribed in subsections (b) and (c), register in person and provide accurate information as required by the Department of State Police." 730 ILCS 150/3(a) (West 2002).

Here, plaintiff was convicted of indecent assault under the Military Code, an offense not explicitly listed in section 2(B) above. Therefore, plaintiff must register as a sex offender in Illinois only if the offense of indecent assault is substantially equivalent to any of the offenses listed in subsection (B). Defendants contend the trial court properly dismissed plaintiff's declaratory judgment action under section 2—619 because indecent assault is substantially equivalent to the listed offense of criminal sexual abuse. Two crimes are considered substantially equivalent if similar elements are required to prove the commission of each offense. *People v. Donoho*, 204 Ill. 2d 159, 189-90 (2003).

A comparison of the elements of indecent assault and criminal sexual abuse reveals that the offenses indeed are substantially

equivalent to one another. To prove indecent assault, the government must show:

> "(1) That the accused assaulted a certain person not the spouse of the accused in a certain manner;
>
> (2) That the acts were done with the intent to gratify the lust or sexual desires of the accused; and
>
> (3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces." *United States v. Foster*, 40 M.J. 140, 145 (C.M.A. 1994), citing Manual for Courts-Martial, United States, pt. IV, par. 636 (1984).

The Military Code describes "assault" as follows:

> "Any person subject to this chapter who attempts or offers with unlawful force or violence to do bodily harm to another person, whether or not the attempt or offer is consummated, is guilty of assault and shall be punished as a court-martial may direct." 10 U.S.C. § 928(a) (2000).

Similarly, a person commits criminal sexual abuse if he "commits an act of sexual conduct by the use of force or threat of force." 720 ILCS 5/12—15(a)(1) (West 2002). "Sexual conduct" is defined as "any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, \*\*\* for the purpose of sexual gratification or arousal of the victim or the accused." 720 ILCS 5/12—12(e) (West 2002).

Plaintiff was convicted of indecent assault for kissing the victim on the mouth, straddling her, and touching her breasts with the intent to gratify his sexual desires. Proof of these facts also satisfies the elements required to find plaintiff guilty of criminal sexual abuse. Therefore, the offense of indecent assault is substantially equivalent to criminal sexual abuse and plaintiff's conviction for indecent assault requires him to register in Illinois as a sex offender under the Registration Act. The trial court properly dismissed plaintiff's action under section 2—619 of the Code.

Plaintiff, however, argues that the conduct for which he was convicted could not be prosecuted as criminal sexual abuse, because criminal sexual abuse is an offense committed against a child below the age of 13. Plaintiff's argument is based on a misreading of section 12—12(e) of the Criminal Code of 1961 (720 ILCS 5/12—12(e) (West 2002)), which defines "sexual conduct" as used in the definition of criminal sexual abuse. As discussed above, "sexual conduct" means the touching "of the sex organs, anus or breast of the victim or the ac-

cused, *or* any part of the body of a child under 13 years of age." (Emphasis added.) 720 ILCS 5/12—12(e) (West 2002). Clearly, criminal sexual abuse is committed against a person of *any* age if the sex organs, anus or breasts are intentionally or knowingly fondled by the use of force or threat of force and for the purpose of sexual gratification or arousal of the victim or the accused. Thus, contrary to plaintiff's contention, criminal sexual abuse does not require that the offense be committed against a child below the age of 13.

Plaintiff also argues that the two offenses are not substantially equivalent because criminal sexual abuse requires an element of force whereas indecent assault does not explicitly refer to the use of force. As outlined above, although the offense of indecent assault does not explicitly state that force is an element of the offense, force or threat of force is implied in the use of the word "assault." See *United States v. Foster*, 40 M.J. 140, 145 (C.M.A. 1994) (one element of indecent assault is that the accused assaulted the victim); 10 U.S.C. § 928(a) (2000) (Article 128 of the Military Code, defining assault as attempting or offering with unlawful force or violence to do bodily injury to another).

Finally, plaintiff argues that he need not register because his conviction for indecent assault occurred in October 2000 and the Registration Act did not specifically include convictions under the Military Code as a requirement to register until August 2002. Plaintiff's contention has no merit. The Registration Act and the Sex Offender and Child Murderer Community Notification Law (730 ILCS 152/101 *et seq.* (West 2002)) have retroactive effect. See *People v. Malchow*, 193 Ill. 2d 413, 418-19 (2000). Furthermore, the retroactive effect of the Registration Act does not violate the constitutional prohibitions against *ex post facto* laws. *Malchow*, 193 Ill. 2d at 418. A statute is an unconstitutional *ex post facto* law if it makes conduct criminal which was previously legal or increases the punishment for an existing crime. *People v. Starnes*, 273 Ill. App. 3d 911, 914 (1995). Since registration under the Act is not considered punishment, the Registration Act is not an *ex post facto* law. See *Malchow*, 193 Ill. 2d at 419, 424.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

CAMPBELL, P.J., and GALLAGHER, J., concur.