DA 06-0590

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 167

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

SCOTT HAMILTON,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DC-05-624
                    Honorable John W. Larson, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Terry G. Sehestedt, Attorney at Law, Missoula, Montana

        For Respondent:

                Honorable Mike McGrath, Attorney General; Ilka Becker,
                Assistant Attorney General, Helena, Montana

                Fred Van Valkenburg, County Attorney; Karen Townsend,
                Deputy County Attorney, Missoula, Montana


                           Submitted on Briefs:  April 25, 2007

                                   Decided:  July 11, 2007

Filed:

                  _____
                               Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Scott Hamilton was charged with, and ultimately pled guilty to, felony failure to register as a sexual offender.  He appeals from an order of the Fourth Judicial District Court, Missoula County, denying his motion to dismiss.  We affirm.

¶2     The issue on appeal is whether the District Court erred in denying Hamilton's motion to dismiss.

## BACKGROUND

¶3     As a sixteen-year-old youth in 1996, Hamilton had pled guilty and was convicted of communication with a minor for immoral purposes (CMIP) in violation of Wash. Rev. Code § 9.68A.090, in Yakima County, Washington.  Hamilton was ordered to register as a sex offender.  Hamilton moved to Texas in 1999 and was told he did not need to register as a sex offender there.  Hamilton moved to Montana in early 2000.  In July 2001, the Washington Legislature removed the offense of CMIP from the list of offenses requiring registration, but added CMIP back to the list in 2002.  In October 2005, the Montana Legislature amended Montana's Sexual and Violent Offender Registration Act (Act) so that offenders had to register in Montana if they had to register for an offense in some other jurisdiction where they were convicted.  In November 2005, when Missoula police detectives investigated an assault with a weapon complaint implicating Hamilton, they discovered that Hamilton had been ordered to register as a sex offender in Washington, but had not done so in Montana.  He was charged with felony failure to register as a sexual offender.

¶4 Hamilton filed a motion to dismiss the charge on the basis that youth are not considered to be convicted as required by the Act and thus not required to register, that CMIP was not reasonably equivalent to any offense in Montana, and that the 2005 legislative amendment to the Act was not retroactive, or alternatively, that it was unconstitutional. The State asserted that CMIP was reasonably equivalent to § 45-5-625, MCA, sexual abuse of children. The District Court denied Hamilton's motion to dismiss, finding that a youth is required to register, and that the 2005 amendment to the Act was retroactive. Hamilton appeals.

## STANDARD OF REVIEW

¶5 The grant or denial of a motion to dismiss in a criminal case is a question of law which we review *de novo*. *State v. Mount*, 2003 MT 275, ¶ 15, 317 Mont. 481, ¶ 15, 78 P.3d 829, ¶ 15.

## DISCUSSION

¶6 **ISSUE: Did the District Court err in denying Hamilton's motion to dismiss?**

¶7 On appeal, Hamilton argues that Washington's CMIP statute is not reasonably equivalent to any offense in Montana requiring sexual offender registration, that the 2005 amendment to the Act is not retroactive, or alternatively, if the amendment is retroactive, it violates Article XIII, Section 1(3) of the Montana Constitution. The State argues that Washington's CMIP statute, Wash. Rev. Code § 9.68A.090, is reasonably equivalent to § 45-5-625, MCA, sexual abuse of children.

¶8 A sexual offender is required to register with the city chief of police or county sheriff within ten days of entering a county for the purpose of residing there. Section 46-

3

23-504, MCA. The sexual offender must register for the commission of a sexual offense, which is defined in § 46-23-502(6), MCA, as:

> (a) any violation of or attempt, solicitation, or conspiracy to commit a violation of 45-5-301 (if the victim is less than 18 years of age and the offender is not a parent of the victim), 45-5-302, 45-5-303, 45-5-502(3), 45-5-503, 45-5-504(1) (if the victim is under 18 years of age and the offender is 18 years of age or older), 45-5-504(2)(c), 45-5-507 (if the victim is under 18 years of age and the offender is 3 or more years older than the victim), 45-5-603(1)(b), or 45-5-625; or
> (b) any violation of a law of another state or the federal government that is reasonably equivalent to a violation listed in subsection (6)(a) or for which the offender was required to register as a sex offender after conviction.

¶9 Since the enactment of the Act in 1989, sexual offenders convicted in other jurisdictions have been required to register for offenses that are reasonably equivalent to Montana offenses listed in § 46-23-502(6)(a), MCA. Section 2, Ch. 293, L.1989. In 2005, the Legislature amended the definition of "sexual offense" to include any violation of a law of another jurisdiction for which a person was required to register as a sex offender after conviction in that jurisdiction. Section 1, Ch. 313, L.2005; § 46-23-502(6)(b), MCA.

¶10 Hamilton argues that the 2005 amendment is not retroactive and cannot be applied to persons convicted of sex offenses prior to October 1, 2005. There is a presumption in Montana law against applying statutes retroactively. *Neel v. First Federal Sav. and Loan Assoc.*, 207 Mont. 376, 386, 675 P.2d 96, 102 (1984) (citations omitted). Section 1-2-109, MCA, provides that statutes are not retroactive unless expressly declared retroactive by the Legislature. Legislative intent that statutes be applied retroactively must be manifest in the statutes and from no other source. *Neel*, 207 Mont. at 386, 675 P.2d at

4

102 (citations omitted). However, if an act was unmistakably "intended to operate retrospectively, that intention is controlling as to the interpretation of the statute, even though it is not expressly so stated." *Neel*, 207 Mont. at 386, 675 P.2d at 102 (citations omitted). In *Neel*, this Court looked at the purpose of the homestead law—to protect the home owner—to determine that the legislative intent of the statute, which increased the amount of the homestead exemption, was to apply retroactively despite the absence of an express declaration. *Neel*, 207 Mont. at 387, 675 P.2d at 102.

¶11    In *State v. Whitmer*, 285 Mont. 100, 101, 946 P.2d 137, 138 (1997), this Court addressed whether the 1995 amendments to the Sexual and Violent Offender Registration Act, which required violent offenders to register, were intended by the Legislature to apply retroactively. The Court examined the legislative history and discovered that the original house bill included a statement of retroactivity, but in order to address as-of-yet-unresolved concerns of *ex post facto* violations, the bill was amended by deleting the retroactivity clause. *Whitmer*, 285 Mont. at 102, 946 P.2d at 139. Based on that specific deletion, the Court concluded that the Legislature did not intend to apply the registration requirement to offenders who were convicted of violent offenses prior to October 1, 1995, the effective date of the amendment, or to sexual offenders prior to July 1, 1989, the date of enactment of the Act. *Whitmer*, 285 Mont. at 103, 946 P.2d at 139.

¶12    The 2001 Montana Legislature explicitly stated that the provisions of the Act applied retroactively. Section 1, Ch. 152, L.2001. The Legislature specifically provided that the Act applied retroactively to sexual offenders "who are sentenced by a state or federal court in any state on or after July 1, 1989, or who as a result of a sentence are

5

under the supervision of a county, state, or federal agency in any state on or after July 1, 1989 . . . ." Section 1, Ch. 152, L.2001; *State v. Villanueva*, 2005 MT 192, ¶ 15, 328 Mont. 135, ¶ 15, 118 P.3d 179, ¶ 15. In 2003, this Court held that the Act's retroactive application does not violate the *ex post facto* clauses of the United States and Montana Constitutions because the Act is regulatory rather than punitive. *Mount*, ¶¶ 89-90.

¶13 In 2005, the Legislature amended the Act to provide that a sexual offense included an offense "for which the offender was required to register as a sex offender after conviction" in another jurisdiction. Section 1, Ch. 313, L.2005; § 46-23-502(6)(b), MCA. The 2005 amendments also included changes regarding the entity with whom an offender must register, procedures for change-of-address notifications, procedures for petitioning for relief from registration. Section 1, Ch. 313, L.2005. The amendments further provided that offenders convicted in another jurisdiction be given the risk level designation assigned by that jurisdiction. Section 1, Ch. 313, L.2005. However, the Legislature failed to provide an explicit statement of retroactivity with regard to the 2005 amendments. *See* § 1, Ch. 313, L.2005; § 46-23-502(6), MCA.

¶14 We must therefore determine whether the Legislature clearly intended that the statute operate retroactively. *See Neel*, 207 Mont. at 386, 675 P.2d at 102. The purpose of the Act is to address public health, safety, and welfare concerns, including:

> (1) the danger of recidivism and protection of the public; (2) the impairment of law enforcement efforts from lack of information; (3) the prevention of victimization and prompt resolution of sexual or violent offenses; (4) the offender's reduced expectation of privacy because of the public's interest in safety; and (5) the protection of specific vulnerable groups and the public in general.

6

*Mount*, ¶ 44 (citing Compiler's Comments to Title 46, Chapter 23, Part 5, MCA). The legislative history for the 2005 amendments indicates that the changes were made to clarify administrative issues that had arisen over the course of administering the Act and to better serve the public. Mont. Sen. Jud. Comm., *Hearing on HB 49*, 2005 Reg. Sess. (Mar. 14, 2005). Specifically, the legislative history notes that Section 1 of House Bill 49, amending § 46-23-502(6), MCA, would, "as a matter of public safety," require persons who were required to register as sex offenders in another state to register in Montana as sex offenders as well, regardless of the specific sexual crime in the other state. Mont. Sen. Jud. Comm., *Hearing on HB 49*, 2005 Reg. Sess. (Mar. 14, 2005). It was noted during the senate hearing that the *ex post facto* concerns had been resolved when the Montana Supreme Court, in *Mount*, determined that the requirements of the Act were part of a civil regulatory scheme rather than a punitive measure. Mont. Sen. Jud. Comm., *Hearing on HB 49*, 2005 Reg. Sess. (Mar. 14, 2005).

¶15 Clearly, as evidenced by the 2001 legislative amendments to the Act, the Legislature intended the Act as a whole to be retroactive. Based on the fact that the purpose of the 2005 amendments was to make this regulatory Act easier to administer, including a determination as to when an out-of-state offender is required to register, it is clear the Legislature also intended the amendments to apply retroactively. Indeed, the Legislature had good reason to be concerned about adopting a broad but simple rule as to when out-of-state offenders are required to register as this has been a much-litigated issue. *See State v. Kuntz*, 100 P.3d 26 (Ariz. App. 2004) (determining whether Minnesota offense of third-degree criminal sexual conduct was equivalent to Arizona offense of

sexual assault); *In re Mandel*, 711 N.Y.S.2d 313 (2000) (determining whether the federal offense of possession of child pornography had the same essential elements as New York offense of possession of child pornography); *In re Nadel*, 724 N.Y.S.2d 262 (2001) (determining whether the federal offense of transmission of child pornography had the same essential elements as New York offense of promotion of child pornography); *In re Millan*, 730 N.Y.S.2d 392 (2001), *rev'd*, 743 N.Y.S.2d 872 (2002) (determining whether federal offense of purchasing child pornography had the same essential elements as New York offense of possession of child pornography); *Com. v. Miller*, 787 A.2d 1036 (Pa. Super. 2001) (determining whether federal offense of sexual exploitation of minors was equivalent to Pennsylvania offense of sexual abuse of children); *In re Doe*, 855 A.2d 1100 (D.C. 2004) (determining whether federal violation of interstate travel with intent to engage in sexual conduct with a minor was substantially similar to D.C. violation of enticement of a child or lewd, indecent or obscene acts with a child); *Rodimel v. Cook County Sheriff's Office*, 822 N.E.2d 7 (Ill. App. 2004) (determining whether military conviction for indecent assault was substantially equivalent to Illinois offense of criminal sexual abuse); *In re R.B.*, 870 A.2d 732 (2005) (determining whether federal conviction for sexual exploitation of children was sufficiently similar to New Jersey child abuse statute). The dissent in this case further illustrates the difficulty that arises when determining whether out-of-state offenders should register pursuant to the "reasonably equivalent" approach. *Compare Kuntz*, 100 P.3d at 28-29 (to avoid due process violations, facts of underlying conviction should not be considered when making determination of whether offenses are equivalent), *with In re Doe*, 855 A.2d at 1104-05

8

(to effectuate goals of sexual offender registration, facts of underlying crime should be considered when making determination of whether offenses are similar). Given the Legislature's goal of administrative efficiency, it is only logical that the Legislature intended the amendments to apply retroactively. If the amendments were applied only to offenses committed after October 1, 2005, the result would be administrative chaos rather than efficiency.

¶16     We conclude that § 46-23-502(6), MCA, which compels out-of-state offenders who are required to register in the jurisdiction in which they were convicted to register in Montana, applies retroactively. Hamilton, having been convicted in Washington and required to register in that jurisdiction, was required to register in Montana as a sexual offender.

¶17     Hamilton next asserts that if found to be retroactive, the 2005 amendments violate Article XIII, Section 1(3) of the Montana Constitution, which provides: "The legislature shall pass no law retrospective in its operations which imposes on the people a new liability in respect to transactions or considerations already passed." Hamilton cites to *Wallace v. Dept. of Fish, Wildlife & Parks*, 269 Mont. 364, 367-68, 889 P.2d 817, 819 (1995) (citations omitted), for its definition of a retroactive law as one "which takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions already passed." This Court has already concluded that the Act is not an *ex post facto* law in violation of Article II, Section 31 of the Montana Constitution. *Mount*, ¶¶ 89-90. Hamilton states that the amendment is impermissibly retroactive because it imposes upon him a new duty—the

duty to register—based on a past transaction. This argument fails in two respects. First, Hamilton was already required to register in Washington and in any other state to which he moved, pursuant to Wash. Rev. Code § 9A.44.130. *See Villanueva*, ¶ 17. Secondly, this Court concluded in *Mount* that the registration requirements do not impose any affirmative disability on registrants. *Mount*, ¶¶ 55-56. Hamilton provides no other support for his argument that this constitutional provision, entitled Nonmunicipal Corporations, is violated by the retroactive application of the Act.

¶18 Finally, Hamilton argues that CMIP is not reasonably equivalent to any of the offenses listed in § 46-23-502(6), MCA, requiring registration. Because we conclude the 2005 amendments to this statute are retroactive, we need not reach this issue.

¶19 We affirm the District Court's denial of Hamilton's motion to dismiss.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JIM RICE

Justice Patricia O. Cotter dissents.

¶20    I dissent.  In light of the facts before us, I cannot in good conscience sign an opinion that affirms a felony conviction for Hamilton's failure to register as a sexual offender in Montana.

¶21    As the Court notes at ¶ 3, Hamilton pled guilty to the crime of Communication with a Minor for Immoral Purposes (CMIP) in the State of Washington in 1996, when he was sixteen years of age.  The crime was characterized under Washington law as a "gross misdemeanor."  The proof required for conviction of this crime was (1) communication (2) with a minor (3) for immoral purposes.

¶22    In its brief to this Court, the State argued that the offense for which Hamilton was convicted in Washington was "reasonably equivalent" to Montana's crime of "Sexual Abuse of Children," found at § 45-5-625, MCA.  This statute criminalizes the exploitation of children via sexually explicit photographs or videotapes, the procurement of children to engage in actual or simulated sexual conduct, and the possession of photographs or tapes showing such conduct with the intent to distribute them.  A person convicted of this felony can be imprisoned for up to 100 years or life. Section 45-5-625(2), MCA.

¶23    The State urges us to affirm Hamilton's felony conviction for failure to register, not on the basis of retroactivity of the 2005 law, which it specifically urged us *not* to address, but rather because the Montana Sexual and Violent Offender Registration Act (SVORA) imposes the registration requirement on "sexual offenders" who have violated the law of another state "that is reasonably equivalent to a violation" listed in the

11

SVORA. The only crime in the SVORA "sexual offense" category that the State could even tangentially analogize to Hamilton's CMIP conviction is "Sexual Abuse of Children," a reprehensible and revolting felony crime. The State wants us to conclude these offenses are "reasonably equivalent." Given what Hamilton did at the age of sixteen to merit a CMIP conviction, I submit the analogy is wholly inapt.

¶24 The State describes the circumstances leading to Hamilton's 1996 misdemeanor conviction in its brief as follows:

> The presentence investigation report (PSI) shows that Hamilton, who had been read his <u>Miranda</u> rights and was in the presence of his mother, gave a taped statement to Washington police officers where he "admitted to asking the girls [on the school bus] to take off their clothes and spread their legs so they could make some money." At least one of the girls was 10 years old. The girls reported that Hamilton and another boy offered them money if they took off their clothes and told them "to lay down and they would be our pimp."

Hamilton was a naughty boy who deserved to be kicked off the school bus, suspended from school, and grounded by his parents. That the State of Washington would elevate his juvenile delinquency to a gross misdemeanor is a matter beyond my understanding and certainly beyond our control. But, for the State of Montana to pursue and secure a felony conviction and a lifetime requirement that Hamilton register as a sexual offender on the basis of churlish school bus behavior is, in my judgment, outlandish.

¶25 I do not fault the legal correctness of the Court's retroactivity analysis. However, I do fault us for reaching what I believe to be a patently unfair and absurd result. In lieu of the analysis conducted by this Court, I would have accepted the express request of the State—as Appellee—to evaluate Hamilton's felony conviction on the basis that the

Washington CMIP offense committed by Hamilton was "reasonably equivalent" to Montana's "Sexual Abuse of Children" crime, and I would have unequivocally reversed. I dissent from our refusal to do so.

/S/ PATRICIA COTTER