JUSTICE NELSON,
dissenting.
¶30 I join Judge Macek’s well-reasoned Dissent and add the following observations regarding our approach to retroactivity analysis.
¶31 Like Judge Macek, I cannot agree that we may ignore plain and *329 unambiguous statutory language by superimposing on that language our contrary view of what the Legislature presumably “intended” but did not actually say. We dealt with a situation not unlike that hereJ.e., one in which the Legislature’s presumed ‘intent” was not incorporated into the statutory language actually adopted and enacted by that body-in State v. Goebel, 2001 MT 73, 305 Mont. 53, 31 P.3d 335. In that case, the Legislature made what appeared to be a “drafting error”in §46-23-1012, MCA. Goebel, ¶ 23. Notwithstanding, and in the face of the State’s arguments that the Legislature’s presumed ‘intent” should control over the language it actually adopted, this Court, unanimously, adhered to the rule of statutory construction that “there is no reason for us to engage in a discussion of the legislative history to construe [a] statute when we have determined that the language of the statute is clear and unambiguous on its face.” Goebel, ¶ 21 (citing State v. Hubbard, 200 Mont. 106, 111, 649 P.2d 1331, 1333 (1982)); accord Connecticut Natl. Bank v. Germain, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 1149 (1992) (“ffln interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.” (citations and internal quotation marks omitted)). Furthermore, we adhered to this rule despite the fact that the District Court’s contrary interpretation of the statute was “a common sense interpretation of a statute that, itself, is illogical.” Goebel, ¶ 22. We closed with the following:
Nonetheless, to the extent that there is an error and to the extent that the statute does not accurately reflect the Legislature’s clearly expressed intention, it is appropriate that the Legislature correct the problem, not the courts. See Ingraham v. Champion Intern. (1990), 243 Mont. 42, 49, 793 P.2d 769, 773 (citing State, Dept. of Hwys. v. Public Employees Craft Coun. (1974), 165 Mont. 349, 529 P.2d 785; State ex rel. Grant v. Eaton (1943), 114 Mont. 199, 133 P.2d 588).
Goebel, ¶ 23.
¶32 In the case before us, we should simply follow our rules of statutory construction and our precedent. As Judge Macek states, we should apply the plain language of the statute rather than inferring a presumed legislative intent that was not incorporated into the actual language the Legislature adopted.
*330 ¶33 That said, while I disagree with the Court’s approach here of inferring what the Legislature presumably intended but did not actually say, I recognize that this approach finds support in some of our cases. In my view, however, those cases should be rejected to the extent they have created a watered-down standard for retroactivity analysis. The standard is set by statute, not caselaw, and it is plain, simple, and clear: ‘No law contained in any of the statutes of Montana is retroactive unless expressly so declared.” Section 1-2-109, MCA (emphasis added). To “declare”is ‘to make known formally, officially, or explicitly.” Merriam-Webster’s Collegiate Dictionary 299 (10th ed., Merriam-Webster 1997). ‘Expressly” means ‘in an express manner,” i.e., “directly, firmly, and explicitly stated.” Id. at 410. To be “explicit” means “fully revealed or expressed without vagueness, implication, or ambiguity.” Id. at 409 (emphasis added). Accordingly, unless the Legislature makes known formally, officially, or explicitly, in a manner that is direct, firm, and explicit, without vagueness, implication, or ambiguity, that a statute is retroactive, then the statute is, by default, not retroactive.
¶34 The Court acknowledges the language of § 1-2-109, MCA (Opinion, ¶ 7) but then invokes other, more vague and malleable standards-requiring less than an “express declaration”-for its analysis. For instance, the Court cites State v. Hamilton, 2007 MT 167, ¶ 10, 338 Mont. 142, 164 P.3d 884, where we said: ‘Legislative intent that statutes be applied retroactively must be manifest in the statutes ....” The manifest problem with this statement, however, is that “manifest” simply means “readily perceived by the senses.” Merriam-Webster’s Collegiate Dictionary 707. Obviously, using our senses together with our powers of deduction, inference, and reason, we may “readily perceive” something to be the case even though it is not “expressly so declared.” Correspondingly, asking whether the Legislature’s intent is “manifest”in the statute allows the Court to do what it has done here: base its decision not on an “express declaration” ofretroactivity-which §1-2-109, MCA, specifically requires-but rather on what we “readily perceive” using inference and deduction, as well as a healthy dose of conjecture.
¶35 In support of this deviation from the unambiguous directive of §1-2-109, MCA, the Hamilton Court cited Neel v. First Fed. Sav. and Loan Assn., 207 Mont. 376, 386, 675 P.2d 96, 102 (1984), where this Court stated:
For a statute to be retroactively applied, such an intent must be clearly expressed by the legislature. Section 1-2-209 [sic], MCA. *331 The legislative intent must be gathered from the act itself and no other source. Penrod v. Hoskinson (1976), 170 Mont. 277, 552 P.2d 325. However, “If it is unmistakable that an act was intended to operate retrospectively, that intention is controlling as to the interpretation of the statute, even though it is not expressly so stated.” Davidson v. Love (1953), 127 Mont. 366 at 370, 264 P.2d 705 at 707.
The first and third of these statements are patently-not to mention manifestly-eontrary to § 1-2-109, MCA. Again, the statute requires (and has always required, since its inception in 1895) an “express declaration” of retroactivity. The question is not whether we think the intent is “clearly expressed”-however that might be accomplished. Retroactivity must be “expressly so declared.” Nor is the question whether we think the intent is “unmistakable.”[1] The requirement, once more, is “expressly so declared.”
¶36 If the retroactivity of a statute depends on whether the Legislature has “expressly declared” it to be so-and that, in fact, is the requirement under §1-2-109, MCA-then we should not be engaging in subjective analyses of what we think is “manifest,” “clear,” “unmistakable,” or logical” [2]-fehough not “expressly declared”4n the legislation. The only manifest, clear, and unmistakable thing we need to know is this: ‘No law contained in any of the statutes of Montana is retroactive unless expressly so declared” Section 1-2-109, MCA (emphasis added). That is the exacting standard the Legislature itself has adopted for determining retroactivity. That is the exacting standard the Legislature requires of itself if it intends for legislation to be retroactive. Unquestionably, it is a simple matter for the Legislature to expressly declare that a statutory amendment is retroactive, if that is what the Legislature intends.
¶37 Using inference and deduction, the Court argues that it would have been “useless” and “meaningless” to make certain parts of the Youth Court Act retroactive without also making the youth registration requirement retroactive as well. Opinion, ¶ 10. My disagreement with the Court is not with this inference. It is, rather, with the fact that the Court is drawing such inferences in the first *332 place. The Court states that it would have been “preferable, and would have avoided any question,” if the Legislature had actually stated that the youth registration requirement is retroactive. Opinion, ¶ 10. With all respect, however, § 1-2-109, MCA, does not make an “express declaration” of retroactivity optional or "preferable.” To the contrary, an “express declaration”-which would avoid the sort of uncertainty and “question”that obviously exists here4s precisely what the statute specifically, expressly, and plainly requires. I respectfully suggest, therefore, that we are flat wrong to engage in the sort of inference and deduction the Court does here in order to remedy a perceived illogicality.
¶38 Unlike other interpretational endeavors, where we must avoid absurdities[3] and may look behind the language used in order to resolve ambiguities,[4] retroactivity analysis is strictly limited to one question, and one question only: Did the Legislature “expressly declare” the statute to be retroactive? This question must be resolved on the face of the statutory language. Either there is an express declaration, or there isn’t. It is wrong for the courts to go beyond this question and do more than § 1-2-109, MCA, tells us to do. The requirement of an express declaration is not merely “preferable”; it is mandatory. If it seems ‘illogical” that a certain provision was not made retroactive, or if the lack of retroactivity would leave other legislation seemingly “useless and meaningless,” then it remains the prerogative of the Legislature, not the courts, to address these presumed flaws and provide the “express declaration” of retroactivity which the Legislature itself has said it will provide when it intends for legislation to apply retroactively. Section 1-2-109, MCA.
¶39 Hence, while the Court’s approach might be appropriate if we were faced with an ambiguity in a run-of-the-mill case of statutory construction, I conclude that it is not appropriate for resolving the retroactivity question here. We should not be foraging about in the Laws of Montana trying to divine what the Legislature may have intended but did not expressly declare. We likewise should not be inferring intent from what may seem to us “unmistakable” or “logical.” *333 Rather, we should simply apply the rule that the Legislature itself adopted and ask the one question that the Legislature has directed us to ask: Did the Legislature “expressly declare” that the law in question is retroactive? Davidson, Neel, and their progeny are wrong and should be overruled, not perpetuated.
¶40 The Court concedes that the Legislature did not “expressly declare” the youth registration requirement to be retroactive. Opinion, ¶ 10 (fflt would have been preferable, and would have avoided any question, for the retroactivity provision to state that the amendments were made retroactive to those ‘sentenced or adjudicated’ since July 1, 1989 ....”(emphasis in original)). And Judge Macek ably demonstrates this to be the case. Dissent, ¶¶ 17-29. Pursuant to § 1-2-109, MCA, therefore, this should be the end of our analysis. Juvenile Male had no independent requirement to register as a sexual offender.
¶41 I dissent.
DISTRICT COURT JUDGE MACEK, sitting for JUSTICE COTTER, joins the Dissent of JUSTICE NELSON.

 The 'Unmistakable’’standard originated in secondary authority, not the actual language of Montana’s retroactivity statute. See Davidson, 127 Mont. at 370, 264 P.2d at 707 (citing 50 Am. Jur. Statutes §479).

 See Opinion, ¶ 8 (“ ‘[I]t is only logical that the Legislature intended the amendments to apply retroactively.’ ’’(quoting Hamilton, ¶ 15)).

 In re Marriage of McMichael, 2006 MT 237, ¶ 14, 333 Mont. 517, 143 P.3d 439 (‘We interpret a statute to give effect to its purpose and to avoid absurd results.").

 State v. Johnston, 2008 MT 318, ¶ 26, 346 Mont. 93, 193 P.3d 925 (We resolve ambiguous terms [in a statute]... by looking to the structure, purpose and/or legislative history of a statute to determine the intent of the Legislature.’!, overruled in part on other grounds, State v. Maynard, 2010 MT 115, ¶¶ 21, 28, 356 Mont. 333, 233 P.3d 331.