No. 04-511

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 192

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

JESUS "CHUEY" VILLANUEVA,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DC 2002-479
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Alice Kennedy, Missoula County Public Defender Office, Missoula, Montana

       For Respondent:

       Honorable Mike McGrath, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana; Fred Van Valkenburg, Missoula County Attorney, Suzy Boylan Moore, Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  April 12, 2005

Decided:  August 9, 2005

Filed:

_____
                     Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Jesus "Chuey" Villanueva (Villanueva) was charged with, and ultimately pled guilty to, misdemeanor partner or family member assault, felony failure to register as a sex offender, and felony bail jumping. He appeals the Fourth Judicial District Court's denial of his Motion to Dismiss. We affirm.

## ISSUE

¶2     Did the District Court err in denying Villanueva's Motion to Dismiss on the following grounds: 1) Villaneuva is not a "sexual offender" as defined by § 46-23-502(7), MCA, and 2) the Information and Affidavit in Support failed to establish sufficient probable cause to believe that Villanueva is required to register as a sex offender in Montana?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     At the age of fifteen, Villanueva, then residing in the State of Washington, raped a teenage girl at knife point. On March 5, 1993, the Superior Court of Washington for Whatcom County, Juvenile Department, adjudicated Villanueva guilty after trial of first degree rape, a Class A felony. On March 26, 1993, the Washington juvenile court sentenced Villanueva to the custody of the Department of Social and Health Services. He served 103 weeks with the Juvenile Rehabilitation Administration.

¶4     In January 1995, Villanueva received a State of Washington form entitled "Appendix to Order of Disposition--Notification of Registration Requirements." This form notified Villanueva that because he had been "found to have committed a sex offense," he had to register with the County Sheriff in the county of his residence within thirty (30) days of his

release from confinement. The form also required that he maintain current registration with any county to which he moved. Villanueva signed the acknowledgment form on January 19, 1995. Subsequently, in July 1997, Villanueva signed another State of Washington form acknowledging that he had a lifetime obligation to register with the appropriate county sexual offender registry and to keep his registration current.

¶5 Villanueva moved to Montana during the fall of 2002. On December 6, 2002, the Missoula County Sheriff's Office (MCSO) received a call reporting a domestic disturbance in Lolo, Montana. When the MCSO deputy arrived at the scene, Nichole Martinez reported that Villanueva, who had been drinking, struck her in the face during a violent argument. Frightened, she had grabbed her two-year old son and fought her way out of the house. She ran to a neighbor's house, and the neighbor called 9-1-1 and reported the incident to the MCSO.

¶6 When the deputy ran a check on Villanueva, he learned that Villanueva was a registered sex offender in Washington. He further learned that Villanueva had been living in Missoula for about six weeks but had not registered as a sex offender with Missoula County. The deputy charged Villaneuva with partner/family member assault and failure to register. On January 16, 2003, Villanueva entered pleas of not guilty.

¶7 In March 2003, Villanueva filed a Motion to Dismiss arguing that he was not a "sexual offender" as defined by § 46-23-502(7), MCA; thus, he maintained, the State's Information and Affidavit in Support failed to establish sufficient probable cause to believe that he was required to register as a sex offender in Montana. In July 2003, the District

3

Court denied Villanueva's Motion. In October 2003, Villanueva withdrew his not guilty plea and entered into a Plea Bargain Agreement, conditional upon his right to appeal the court's denial of his Motion to Dismiss. The District Court accepted his guilty plea. Sentencing was set for January 8, 2004. When Villanueva failed to appear and his attorney reported that she had had no contact with him, the Information was amended to add the charge of felony bail jumping and a bench warrant was issued. After he was apprehended, Villanueva pled guilty to bail jumping.

¶8 Villanueva was subsequently sentenced to the Missoula County Detention Facility for one year for partner/family member assault (Count 1) and to five years at Montana State Prison for felony failure to register as a sex offender (Count II) and five years for felony bail jumping (Count III). The sentence for Count III was to run consecutively to the sentences for Counts I and II. Upon specified probation conditions, and with credit for time served, the District Court suspended the sentences for Counts I and II and suspended the sentence for Count III. Villanueva was ordered to register as a sexual offender with the appropriate Montana county for the remainder of his lifetime, with the opportunity to petition the District Court after ten years for an order relieving him from such registration obligation. Villaneuva filed a timely appeal.

4

## STANDARD OF REVIEW

¶9　The grant or denial of a motion to dismiss in a criminal case is a question of law. We review conclusions of law to determine if they are correct. *State v. Reynolds*, 2004 MT 364, ¶ 8, 324 Mont. 495, ¶ 8, 104 P.3d 1056, ¶ 8.

## DISCUSSION

¶10　Villanueva presents a complex argument based on his interpretation of multiple Montana statutes and a 1989 Attorney General Opinion. The crux of his argument is that he is not a "sexual offender" as defined in § 46-23-502(7), MCA, and therefore he is not required to register under the Sexual and Violent Offender's Registration Act (SVORA), § 46-23-504(1)(c), MCA. His argument is premised on the following:

1. A "sexual or violent offender" is defined as a person who has been "convicted" of a sexual or violent offense. Section 46-23-502(7), MCA.

2. "Conviction" is defined, in relevant part in § 46-1-202(7), MCA, as a judgment or sentence entered upon a guilty plea rendered by a court of competent jurisdiction authorized to try the case without a jury.

3. Section § 46-23-504(1)(c), MCA, requires, in part, a "sexual offender" to register within ten days of entering a Montana county for the purpose of residing.

4. Section 41-5-106, MCA, of the Montana Youth Court Act, provides, in relevant part, that "no adjudication upon the status of any youth in the jurisdiction of the court shall . . . be deemed a criminal conviction." Villanueva asserts that this means that as a youth adjudicated in Washington's youth court, Villanueva's youth adjudication cannot be deemed a criminal conviction.

5. Because he was not "convicted," he does not meet the definition of a "sexual offender;" therefore, the SVORA does not subject him to a registration requirement.

5

¶11    Villanueva acknowledges two exceptions to his theory: 1) the juvenile sex offender was convicted in a district court pursuant to § 41-5-206, MCA; or 2) the Youth Court adjudicated the youth a delinquent and specifically ordered him to register as a sexual offender under § 41-5-1513(1)(c), MCA.

¶12    Villanueva argues that the first exception is inapplicable because he was not convicted in a district court in either Washington or Montana.  He further opines that the second exception does not apply to him because the Washington Whatcom County Youth Court did not require in its Order on Disposition that he register as a sexual offender, nor was he ordered to register pursuant to § 41-5-1513(1)(c), MCA.  Villanueva finds support for his argument in a 1989 Attorney General Opinion which held that "A juvenile who is adjudicated delinquent under the Youth Court Act and whose case has not been transferred to district court is exempt from the registration requirement of the [SVORA]."  AG Op. 45 (1989).

¶13    In response, the State argues that the 1997 Montana legislature amended the registration statute, originally enacted in 1989, to make the registration and disclosure requirements retroactive to "sexual offenders who are sentenced or who are in the custody or under the supervision of the department of corrections on or after July 1, 1989."  Section 18, Ch. 375, L. 1997.  Subsequently, in 2001, the legislature again amended the statute to make it expressly applicable to "sexual offenders who are sentenced by a state or federal court in any state on or after July 1, 1989, or who as a result of a sentence are under the

6

supervision of a county, state, or federal agency in any state on or after July 1, 1989." Section 1, Ch. 152, L. 2001.

¶14 The District Court found that the Order of Adjudication from Washington Whatcom County Court concluding that Villanueva was "Guilty of the offense(s) charged in Count(s) 1: Rape 1st Degree," constituted a "conviction" as defined by § 46-1-202(7), MCA. The court also concluded that Washington's sexual offense of first degree rape is reasonably equivalent to the Montana sexual offense of "sexual intercourse without consent." Section 45-5-503, MCA. Having found that Villanueva had been "convicted" of a "sexual offense" in Washington, the court concluded that Villanueva met the statutory definition of "sexual offender."

¶15 Villanueva's attempt to apply the Youth Court Act to his situation is unavailing, as he was not adjudicated under that Act. Rather, the controlling law is the legislative amendment that unequivocally states that the SVORA applies to "sexual offenders who are sentenced by a state or federal court in any state on or after July 1, 1989, or who as a result of a sentence are under the supervision of a county, state, or federal agency in any state on or after July 1, 1989." Section 1, Ch. 152, L. 2001. *See also* Part Compiler's Comments to Title 46, Chapter 23, Part 5, MCA.

¶16 In the context of this amendment, a "sexual offender" is defined by the law of the state in which the offender was sentenced, *i.e.*, in this case, Washington. While presumably similar, the definition of "sexual offender" in all other states will not be identical to the definition enacted by the Montana legislature. If only those offenders satisfying Montana's

7

definition were required to register, the 2001 amendment specifically incorporating those offenders sentenced in other states would be rendered meaningless.

¶17 It is undisputed that the Washington Court adjudicated Villanueva guilty of first degree rape and, two years later, imposed on him a lifelong obligation to register as a sexual offender in the State of Washington. Notably, the Washington sexual offender registration statute also imposed an obligation on Villanueva to register in Montana. Wash. Crim. Code § 9A.44.130(4)(a)(ix) (2005), requires "[o]ffenders required to register in Washington, who move to another state, . . . shall register a new address, fingerprints, and photograph with the new state within ten days after establishing residence . . . ." As a result, under both Montana and Washington law, Villanueva was legally obligated to register as a sexual offender within "10 days of entering a county of this state for the purpose of residing . . . ." Section 46-23-504(1)(c), MCA. Therefore, we conclude that the District Court did not err in denying Villanueva's Motion to Dismiss on this ground.

¶18 Villanueva further asserts that the Information and Affidavit in Support failed to establish sufficient probable cause to believe that Villanueva is required to register as a sex offender in Montana.

¶19 Section 46-11-201, MCA, governs the filing of an Information. It provides in relevant part that:

> (1) The prosecutor may apply directly to the district court for permission to file an information against a named defendant. . . .
>
> (2) An application must be by affidavit supported by evidence that the judge or chief justice may require. If it appears that there is probable cause to

8

believe that an offense has been committed by the defendant, the judge or chief justice shall grant leave to file the information, otherwise the application is denied.

¶20 We have previously held that "[t]he sufficiency of charging documents is established by reading the information together with the affidavit in support of the motion for leave to file the information. *State v. Hamilton* (1992), 252 Mont. 496, 499, 830 P.2d 1264, 1266. An affidavit in support of a motion to file an information need not make out a prima facie case that a defendant committed an offense. A mere probability that [he] committed the offense is sufficient. *State v. Arrington* (1993), 260 Mont. 1, 6, 858 P.2d 343, 346." *State v. Elliott*, 2002 MT 26, ¶ 26, 308 Mont. 227, ¶ 26, 43 P.3d 279, ¶ 26.

¶21 In the case before us, the Affidavit in Support of the Motion For Leave to File an Information detailed the deputy sheriff's discovery that Villanueva was a registered sex offender in the State of Washington. The Affidavit also indicated that the deputy learned that Villanueva had been in Montana for approximately six weeks. The Affidavit further stated that the deputy verified that Villanueva had not registered with Missoula County since his arrival in Montana. As stated in *Arrington*, the Affidavit need not make a prima facie case; it need only establish a "mere probability" that Villanueva , as a sexual offender required to register for life with the Washington Sexual Offender Registry, was required to register in Montana but failed to do so. *Arrington*, 260 Mont. at 6, 858 P.2d at 346.

¶22 We conclude that the State's charging documents established sufficient probable cause; therefore, the District Court did not err by denying Villanueva's Motion to Dismiss on this ground.

9

## CONCLUSION

¶23    We affirm the District Court's denial of Villanueva's Motion to Dismiss.

/S/ PATRICIA O. COTTER

We Concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JIM RICE