JUSTICE RICE
delivered the Opinion of the Court.
¶1 On June 7, 2010, the Supreme Court of the United States issued a per curiam order certifying to this Court a question of Montana law related to a petition for certiorari pending before the Supreme Court. United States v. Juvenile Male, 560 U.S._, 130 S. Ct. 2518 (2010). On June 23, 2010, we entered an order accepting the certified question pursuant to M. R. App. P. 15(7), based upon the statement of facts and procedural background provided by the Supreme Court. Following briefing by the parties, oral arguments were entertained January 19, 2011. We address the Supreme Court’s question as posed:
Is respondent’s duty to remain registered as a sex offender under Montana law contingent upon the validity of the conditions of his now-expired federal juvenile-supervision order that required him to register as a sex offender, see Mont. Code Ann. §§46-23-502(6)(b), 41-5A513(1)(c) (2005); State v. Villanueva, 328 Mont. 135, 138-140, 118 P. 3d 179, 181-182 (2005); see also §46-23-502(9)(b) (2009), or is the duty an independent requirement of Montana law that is unaffected by the validity or invalidity of the federal juvenile-supervision conditions, see §46-23-502(10) (2009); 2007 Mont. Laws ch. 483, §31, p. 2185?
¶2 Our answer to the certified question is that Respondent’s state law duty to remain registered as a sex offender is not contingent upon the validity of the conditions of his federal supervision order, but is an independent requirement of Montana law.
*319 ¶3 In 2005, Respondent entered a “true” plea and was adjudged delinquent in the United States District Court for the District of Montana for knowingly engaging in sexual acts with a person under 12 years of age, which would have been a crime under 18 U.S.C. §§ 2241(c) and 1153(a) if committed by an adult. The District Court imposed official detention for two years and supervision until Respondent reached the age of 21, upon conditions. Juveniles adjudicated delinquent for certain serious sex offenses are required to register under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §16901 et seq., enacted by Congress in 2006. In February 2007, the Attorney General issued an interim rule, codified at 28 C.F.R. §72.3 (2010), specifying that the requirement applied to offenders convicted of a requisite offense prior to the enactment of SORNA. 72 Fed. Reg. 8894, 8897 (Feb. 16, 2007). In July 2007, the District Court revoked Respondent’s supervision for violating a condition, committing him to additional detention and imposing conditions requiring him to register as a sex offender and to keep his registration current. Respondent appealed the conditions, and the Ninth Circuit Court of Appeals vacated the registration requirement on federal ex post facto grounds. United States v. Juvenile Male, 590 F.3d 924 (9th Cir. 2010). The United States petitioned the Supreme Court for certiorari. Respondent’s term of supervision expired in May 2008, and he is no longer subject to the registration condition of his sentence. In the certification order, the Supreme Court states that, before addressing the question of certiorari, “we must resolve a threshold issue of mootness” and determine “whether a favorable decision in this case would make it sufficiently likely that respondent could remove his name and identifying information from the Montana sex offender registry.” Juvenile Male, 130 S. Ct. at 2519 (internal quotations and citation omitted). Thus, the Supreme Court has certified the question to ‘help determine whether this case presents a live case or controversy ....” Juvenile Male, 130 S. Ct. at 2520.
¶4 The Montana Sexual or Violent Offender Registration Act (SVORA or the Act) was enacted in 1989 and generally imposes a lifetime requirement, unless relieved by court order, upon sexual offenders to register with a law enforcement agency when present in Montana. Section 46-23-506(1), (3), MCA (2009);[1] see generally §§46-23-501 through -520, MCA. ‘Sexual offender” is generally defined as *320 “a person who has been convicted of or, in youth court, found to have committed or been adjudicated for a sexual... offense.” Section 46-23-502(10), MCA. “Sexual offense” is defined as a “violation of or attempt, solicitation or conspiracy to commit” any of a listing of Montana sexual offenses. Section 46-23-502(9)(a), MCA. A sexual offender who knowingly fails to register or keep registration current is subject to criminal penalties. Section 46-23-507, MCA.
¶5 From SVORA’s enactment in 1989, sexual offenders convicted in other jurisdictions have been required to register for offenses that are “reasonably equivalent” to any of the listed Montana sexual offenses. State v. Hamilton, 2007 MT 167, ¶ 9, 338 Mont. 142, 164 P.3d 884; Laws of Montana, 1989, ch. 293, §2, at 632; §46-23-502(9)(b), MCA (defining “sexual offense” to include “any violation of a law of another state, a tribal government, or the federal government that is reasonably equivalent to a violation listed”). A 2001 amendment to SVORA retroactively applied the registration requirement to offenders who were sentenced, or placed under supervision, in another jurisdiction for a sexual offense since July 1, 1989. Laws of Montana, 2001, ch. 152, §1, at 719; State v. Villanueva, 2005 MT 192, ¶ 15, 328 Mont. 135, 118 P.3d 179. A 2005 amendment applied SVORA to offenders who were required to register as a sex offender after conviction in another jurisdiction. Laws of Montana, 2005, ch. 313, § 1, at 1010; Hamilton, ¶ 9. In 2007, the definition of “sexual offender” was revised to include a person who ‘in youth court” was ‘found to have committed or been adjudicated for” a sexual offense. Laws of Montana, 2007, ch. 483, § 19, at 2174. [2]Correspondingly, “sexual offense” was amended to include an “adjudication” for which registration was required in another jurisdiction. Laws of Montana, 2007, ch. 483, §19, at 2173-74 (defining “sexual offense” to include “any violation of a law of another state, a tribal government, or the federal government... after an adjudication or conviction”for which an offender is required to register). The amendments incorporating juvenile proceedings within SVORA were explicitly made retroactive to offenders “who are sentenced or who are in the custody or under the supervision of the department of corrections on or after July 1, 1989 ....’’Laws of Montana, 2007, ch. 483, §31(1), at 2185.
¶6 Noting that the term “sentenced” used within the retroactivity provision is defined in §46-1-202(25), MCA, as ‘the judicial disposition *321 of a criminal proceeding,” and that youth proceedings are considered civil in nature, Respondent argues that “[t]he Montana Legislature never intended that the 2007 SVORA amendments were to be retroactively applied against juveniles.”Although acknowledging that Villanueva “seems to hold” that ‘the Montana Legislature always intended that the SVORA provisions would be applied retroactively,” Respondent argues there are distinctions between the retroactivity provisions of the 2001 SVORA amendments at issue in Villanueva and the 2007 SVORA amendments which compel a different outcome.
¶7 Whether legislation is applied retroactively is a question of legislative intent. See Hamilton, ¶ 10. There is a presumption against applying statutes retroactively, Neel v. First Fed. Sav. & Loan Assoc. of Great Falls, 207 Mont. 376, 386, 675 P.2d 96, 102 (1984), and §1-2-109, MCA, provides that statutes are not retroactive unless expressly so declared by the Legislature. ‘Legislative intent that statutes be applied retroactively must be manifest in the statutes and from no other source.” Hamilton, ¶ 10 (citingNeel, 207 Mont. at 386, 675 P.2d at 102). The controlling principle with regard to retroactivity of legislation has been stated as follows: If an act is “unmistakably ‘intended to operate retrospectively, that intention is controlling as to the interpretation of the statute, even though it is not expressly so stated.’ ”Hamilton, ¶ 10 (emphasis added) (quotingNeel, 207 Mont. at 386, 675 P.2d at 102).
¶8 The defendant in Hamilton argued that the 2005 SVORA amendments were not retroactive. Hamilton, ¶ 10. In taking up the question, we noted that the Legislature had failed to provide an explicit statement of retroactivity for the 2005 amendments. Hamilton, ¶ 13. In order to determine whether the Legislature unmistakably intended the amendments to operate retroactively, we considered the purposes of SVORA, the purposes of the 2005 amendments, and the Legislature’s previous efforts to make SVORA retroactive. Hamilton, ¶ 14. We reasoned that ‘tgjiven the Legislature’s goal of administrative efficiency, it is only logical that the Legislature intended the amendments to apply retroactively. If the amendments were applied only to offenses committed after October 1, 2005, the result would be administrative chaos rather than efficiency.” Hamilton, ¶ 15. We thus concluded, despite the failure of the Legislature to provide a retroactivity provision, that “[c]learly ... the Legislature intended the Act as a whole to be retroactive.” Hamilton, ¶ 15. We reached a similarly reasoned conclusion in Neel, where we analyzed the homestead statute and concluded that “the legislative intent is *322 unmistakable” that the statute was to be applied retroactively, “[djespite the absence of an express declaration” of retroactivity. Neel, 207 Mont. at 387, 675 P.2d at 102.
¶9 The pertinent provisions of the retroactivity section of the bill containing the 2007 SVORA amendments state as follows:
Section 31. Retroactive applicability. [Sections 2,3, and 19 through 24] apply retroactively, within the meaning of 1-2-109, to:
(1) sexual offenders who are sentenced or who are in the custody or under the supervision of the department of corrections on or after July 1, 1989 ....
Laws of Montana, 2007, ch. 483, §31(1), at 2185 (brackets in original). This section makes retroactive Section 2 of the bill, which amended the Youth Court Act to exempt from the requirement to seal youth records information disseminated about an offender pursuant to SVORA. Laws of Montana, 2007, ch. 483, §2, at 2155. It likewise makes retroactive Section 3 of the bill, which amended the Youth Court Act to authorize youth courts to impose registration when required by SVORA, and provided that “[t]he duration of registration for a youth who is required to register as a sexual or violent offender shall be as provided in [SVORA]” unless the court would order, upon findings, exemption from or a lesser duration of registration. See Laws of Montana, 2007, ch. 483, §3, at 2157-58. Also made retroactive was Section 19 of the bill, which amended SVORA by revising the definition of “sexual or violent offender” to include “a person who has been convicted of or, in youth court, found to have committed or been adjudicated for a sexual or violent offense.” Laws of Montana, 2007, ch. 483, §19, at 2174. This provision clearly included youth court offenders within the registration requirements of SVORA.
¶10 Thus, in addition to stating that Section 19-eontaining the youth registration requirement-was to be retroactive, the Legislature explicitly made retroactive the revisions to the Youth Court Act (Sections 2 and 3) it had enacted to correspond with the youth registration requirement. Laws of Montana, 2007, ch. 483, §31, at 2185. Making retroactive the corresponding revisions to the Youth Court Act would have been completely useless and meaningless if the youth registration requirement had not also been made retroactive. “A presumption exists that the Legislature does not pass meaningless legislation; accordingly, this Court must harmonize statutes relating to the same subject, as much as possible, giving effect to each.” State v. Brown, 2009 MT 452, ¶ 10, 354 Mont. 329, 223 P.3d 874. While it would have been preferable, and would have avoided any question, for *323 the retroactivity provision to state that the amendments were made retroactive to those “sentenced or adjudicated” since July 1,1989, the omission of this word does not disturb the clear and manifest intention of the Legislature to make the youth registration requirement retroactive. The structure and plain meaning of the retroactivity provision clearly evidences this intent. As we have previously declared, ‘the Legislature intended the Act as a whole to be retroactive.” Hamilton, ¶ 15. Respondent’s argument that the Legislature “never intended” the 2007 amendments to be retroactively applied to juveniles is without merit. The amendments apply retroactively to a prior federal court adjudication of a juvenile sexual offender.[3]
¶11 Respondent argues that retroactive application of either the 2005 or 2007 SVORA amendments are ex post facto to him. In State v. Mount, 2003 MT 275, ¶ 37, 317 Mont. 481, 78 P.3d 829, we adopted the “intents-effects” test articulated by the United States Supreme Court in Smith v. Doe, 538 U.S. 84, 123 S. Ct. 1140 (2003), and concluded that retroactive application of the 2001 version of SVORA did not violate the ex post facto clauses of the United States and Montana Constitutions. Mount, ¶¶ 89-90; Hamilton, ¶ 12. We rejected a similar challenge in Hamilton, concluding the 2005 SVORA amendments were not ex post facto based upon our conclusion in Mount that the registration requirement was regulatory, not punitive. Hamilton, ¶¶ 12, 17 (citing Mount, ¶¶ 89-90). We reach the same conclusion here. ¶12 Given the applicable statutory provisions and the offense for which Respondent was adjudicated, the United States argues that SVORA imposes a registration requirement upon Respondent in multiple ways. We deem it necessary to analyze only one avenue by which an independent requirement is imposed, considering whether Respondent’s federal violation is “reasonably equivalent” under §46-23-502(9)(b), MCA, to the Montana offense of sexual assault on a child. Section 45-5-502(3), MCA (2001).
¶13 Respondent was adjudicated delinquent by the United States *324 District Court for the District of Montana in 2005 for knowingly engaging in sexual acts prohibited by 18 U.S.C. §§1153(a) and 2241(c) (2000) , between 2000 and 2002. Section 1153(a) criminalizes any violation of § 2241(c) which occurs within Indian country. See 18 U.S.C. § 1153(a) (2000). Section 2241(c) prohibits persons from “knowingly engaging] in a sexual act with another person who has not attained the age of 12 years ....” 18 U.S.C. §2241(c) (2000).
¶14 Under the federal statute, a “sexual act”includes contact between genital areas, genital-oral contact, and penetration of genital openings or genital touching ‘hot through the clothing” of children under 16 years old committed with “an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.” See 18 U.S.C. § 2246(2) (2000). Under Montana law, sexual assault is committed when “[a] person ... knowingly subjects another person to any sexual contact without consent ....” Section 45-5-502(1), MCA (2001) . ‘Sexual contact” includes touching of the genital parts of another “directly or through clothing, in order to knowingly or purposely: (a) cause bodily injury to or humiliate, harass, or degrade another; or (b) arouse or gratify the sexual response or desire of either party.” Section 45-2-101(66)(a)-(b), MCA (2001). If the victim is less than 16 years old and the offender is 3 or more years older than the victim, the offender is subject to a heightened punishment, see §45-5-502(3), MCA (2001), and is required to register under SVORA. See § 46-23-502(9)(a), MCA. Consent is ineffective if “the victim is less than 14 years old and the offender is 3 or more years older than the victim.” Section 45-5-502(5)(b), MCA (2001). The parties do not dispute that Respondent’s victim was less than 12 years of age and at least three years younger than Respondent.
¶15 While not identical, Respondent’s federal offense clearly constitutes a “violation of a law of ... the federal government that is reasonably equivalent” to the listed state offense of sexual assault on a child. Section 46-23-502(9)(b), MCA. Respondent is a “sexual offender” because he was ‘in youth court, found to have committed or been adjudicated for” such a sexual offense. Section 46-23-502(10), MCA. Thus, SVORA directly applies to Respondent, and he has a continuing duty to register under Montana law which is entirely independent from the registration conditions imposed by his federal supervision order.
¶16 Respondent raises several novel constitutional challenges to SVORA which we conclude are unnecessary to address in order to answer the certified question based upon current Montana law. These *325 issues will be considered if and when they are properly raised and developed within the context of cases litigated in Montana courts.
CHIEF JUSTICES McGRATH, JUSTICES BAKER, WHEAT and MORRIS concur.

 All references to SVORA are to the current 2009 version, unless otherwise indicated.

 The Laws of Montana indicate language added by amendments with the use of italics. Italics have been omitted from all quotations herein, unless otherwise provided.

 Respondent also argues that, notwithstanding our decision in Hamilton declaring the 2005 amendments retroactive, we should conclude that the 2005 SVORA amendments do not apply retroactively to Respondent because Hamilton did not specifically discuss the distinction between criminal and juvenile proceedings, and this Court did not apply SVORA to juveniles in State v. Hastings, 2007 MT 294, ¶ 15, 340 Mont. 1, 171 P.3d 726, because SVORA required a “conviction” whereas juvenile proceedings result in an “adjudication.” Hastings involved an alleged failure to register arising under the 2003 version of SVORA, prior to the 2005 amendments and the 2007 amendments making SVORA applicable to juveniles, and therefore did not interpret the provisions at issue here or retroactivity. Our discussion above resolves this argument as well.