DISTRICT COURT JULIE MACEK,
dissenting.
¶17 Respondent Juvenile Male had no independent requirement to register as a sexual offender under Montana law. Juvenile Male was adjudicated as a youth in Federal District Court in 2005, pursuant to the Federal Juvenile Delinquency Act. 18 U.S.C. §§5031 et seq. In 2006, after Juvenile Male had been adjudicated in federal court, Congress enacted the Sexual Offender Registration and Notification Act (“SORNA”). 42 U.S.C. §§ 16901 et seq. Although the majority correctly cites the history of the Montana Sexual or Violent Offender Registration Act (‘SVORA”) and the current statutory language of the Act, this was not the law at the time that Juvenile Male was adjudicated in federal court. At the time that Juvenile Male was adjudicated in federal court the only persons subject to the SVORA in Montana were those defined as “sexual or violent offenders.” Section 46-23-504, MCA (2005). ‘Sexual or violent offender” was then defined as “a person who has been convicted of a sexual or violent offense.” Section 46-23-502(7), MCA (2005). A “sexual offense” was defined as (a) any violation of specified offenses under Title 45 of the Montana Criminal Code, or (b) “any violation of a law of another state or the federal government reasonably equivalent to a violation listed in subsection (6)(a).” Section 46-23-502(6), MCA (2005). Thus, at the time of Juvenile Male’s adjudication in federal court, Montana’s SVORA only required registration of persons “convicted” of a “sexual offense.”
¶18 “‘Conviction’ means a judgment or sentence entered upon a guilty or nolo contendere plea or upon a verdict or finding of guilty rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury.” Section 46-1-202(7), MCA. In direct contrast to criminal proceedings for adults, the Montana Youth Court Act has created an entirely separate “court” to govern all proceedings for youths who are alleged to be delinquent. Sections 41-5-101, -103(8), -203, MCA. If a youth is “adjudicated” to be delinquent then the youth faces “disposition” under the Youth Court Act. Sections 41-5-1502, -1511, MCA.
[N]o adjudication upon the status of any youth in the jurisdiction of the court shall operate to impose any of the civil disability imposed upon a person by reason of conviction of a criminal offense, nor shall such adjudication be deemed a criminal *326 conviction, nor shall any youth be charged with or convicted of any crime in any court except as provided in this chapter.
Section 41-5-106, MCA (emphasis added).
¶19 This Court has previously addressed the issue of whether a youth court “adjudication” constituted a “conviction” pursuant to § 46-18-201(7), MCA (2005), and the SVORA. State v. Hastings, 2007 MT 294, ¶ 15, 340 Mont. 1, 171 P.3d 726. Hastings had been adjudicated in youth court in Montana as a delinquent youth for sexual intercourse without consent in 1998. Hastings, ¶ 4. After Hastings turned 18, the youth court transferred jurisdiction to the district court and placed him on adult supervision. Id. Later, that suspended sentence was revoked and the district court imposed a sexual offender registration requirement upon Hastings. Id. In 2005, Hastings was arrested and charged by Information with the offense of failure to register as a sexual offender and filed a motion to dismiss, which was denied. Hastings, ¶ 5. The Hastings Court held that:
Section 46-18-201(7), MCA, and the SVORA statutes require a “conviction” before SVORA registration requirements may be imposed. The statutes are unambiguous in that regard. Thus, because it is undisputed that Hastings’ youth court adjudication did not constitute a ‘faonviction” as contemplated in § 46-23-502(7), MCA, the SVORA registration requirements could not be imposed by a district court under those statutes.
Hastings, ¶ 15 (emphasis added).
¶20 The Court noted, “the problem, of course, is that unless Montana statutes permit the imposition of a SVORA registration requirement, a court may not impose one.” Hastings, ¶ 19.
¶21 Thus, under Montana law in effect at the time, had Juvenile Male, like Hastings, been adjudicated under Montana’s Youth Court Act he would not have been “convicted” and would not have been subjected to SVORA. Additionally, even if this Court were to apply federal law, the Federal Juvenile Delinquency Act also creates a distinct process of justice for youths and likewise adjudicates delinquency and imposes judgment as a “disposition” and does not “sentence” youths in youth court proceedings. See 18 U.S.C. §§5031 et seq. Thus, even though Juvenile Male was adjudicated in federal court for an offense that meets the definition under Montana law of a “sexual offense” under § 46-23-502(6)(b), MCA (2005), he had no requirement to register as a sexual offender in Montana unless he had also been ‘fconvicted” of that “sexual offense” under federal law. He was not convicted. The *327 federal judge specifically held that Juvenile Male was adjudicated a delinquent youth and that “disposition is made under 18 U.S.C. § 5037.”
¶22 There is no question that Juvenile Male’s “adjudication”in federal youth court did not constitute a “conviction” for a “sexual or violent offense” under either federal or Montana law. Thus, at the time that he was adjudicated as a delinquent youth in federal court, Juvenile Male had no independent obligation to register as a “sexual offender” under Montana law. Accordingly, had the Montana Legislature amended the registration requirement to include Juvenile Male within the definition of those required to register and further impose the amended definition retroactively, that is the only way in which Juvenile Male would subsequently be required to register.
¶23 The majority concedes that it was not until 2007 that the Montana Legislature expanded the definition of “sexual offender” to specifically include a person who “in youth court” was ‘found to have committed or been adjudicated for” a sexual offense. Laws of Montana, 2007, ch. 483, §19, at 2174. ‘Sexual offense” was likewise amended to include “any violation of a law of another state, a tribal government, or the federal government ... after an adjudication or conviction” for which the offender is required to register. Laws of Montana, 2007, ch. 483, § 19, at 2173-74. These 2007 amendments made SVORA applicable to adjudicated youths for the first time in Montana.
¶24 These amendments were made retroactive to specific sexual offenders “who are sentenced or who are in the custody or under the supervision of the department of corrections on or after July 1,1989.” Laws of Montana, 2007, ch. 483 §31(1), at 2185 (emphasis added). Although the majority opines that the Legislature intended the 2007 amendments imposing registration upon juvenile offenders to apply retroactively to dispositions on or after July 1, 1989, the Legislature did not in fact do so. The fact that the Legislature may have made other Youth Court Act provisions regarding sexual offenses retroactive is not dispositive. ‘No law contained in any of the statutes of Montana is retroactive unless expressly so declared.” Section 1-2-109, MCA.
¶25 This Court has previously considered this very issue in determining whether the district court erred when it “reflected the Montana Legislature’s intent to extend the scope of SVORA to adjudicated youths” and held:
[I]f [a statute’s language] is clear and unambiguous, no further interpretation is required.... In construing statutes, the function of the court is simply to ascertain and declare what is in terms or *328 substance contained therein, not to insert what has been omitted or to omit what has been inserted ... we conclude the District Court erred in construing the statutes at issue here by looking beyond their plain, unambiguous language.
Hastings, ¶¶ 14, 18.
¶26 Thus, the majority likewise cannot attempt to construe the Legislature’s intent by looking beyond their plain, unambiguous language. The clear and unambiguous language used in the retroactive provision for the 2007 amendments specifically limits its application to those “who are sentenced” after July 1, 1989.
¶27 The term “sentenced” has been specifically defined under that portion of the criminal procedure code that deals with adults charged with crimes. The definition is not ambiguous or subject to interpretation. Section 46-1-202(25), MCA, defines “sentence” as “the judicial disposition of a criminal proceeding upon a plea of guilty or nolo contendere or upon a verdict or finding of guilty.” (Emphasis added.) Section 46-1-103, MCA, provides that the scope of the criminal procedure title “governs the practice and procedure in all criminal proceedings in courts of Montana.” (Emphasis added.) Youth Court is not a criminal proceeding, and no youth is ever “sentenced” in Youth Court. Section 41-5-106, MCA.
¶28 This Court’s prior and continued willingness to equate an adult “sentence” with a youth court “disposition” disregards the inherently clear and unambiguous statutory and public policy differences between youth and adult court.
¶29 ‘Unless Montana statutes permit the imposition of a SVORA registration requirement, the court may not impose one.” Hastings, ¶ 18. There is no question that Juvenile Male was not in the custody or under the supervision of the Department of Corrections, thus the only method for the amendments to apply retroactively to him is if he was “sentenced”on or after July 1,1989. Juvenile Male was not “sentenced” either in accordance with the Federal Juvenile Delinquency Act or Montana law and therefore is not subject to retroactive application of the 2007 registration requirements for adjudicated youths. Thus, I would hold that Juvenile Male has no independent obligation to register as a sexual offender under Montana law.
JUSTICE NELSON joins the foregoing dissent.