DA 11-0009

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 126

MATL LLP,

      Plaintiff and Appellant,

  v.

LARRY SALOIS, as guardian and conservator
of Shirley J. Salois, a disabled person,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Ninth Judicial District,
                  In and For the County of Glacier, Cause No. DV 10-66
                  Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            James H. Goetz, Benjamin J. Alke; Goetz, Gallik & Baldwin,
            Bozeman, Montana

      For Appellee:

            Hertha L. Lund; Lund Law PLLC, Bozeman, Montana
            Elizabeth A. Brennan, Attorney at Law, Missoula, Montana

      For Amicus Curiae:

            Peter G. Scott; Gough, Shanahan, Johnson & Waterman, Helena,
            Montana (for Jefferson County)

            John K. Tabaracci, Robert Erickson; Sullivan, Tabaracci & Rhoades, P.C.,
            Missoula, Montana (for NorthWestern Energy)

Submitted on Briefs: June 1, 2011

Decided: June 7, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     MATL, LLP (MATL), appeals from an order of the District Court, Ninth Judicial District, Glacier County, dismissing MATL's complaint for condemnation and entering judgment in favor of Larry Salois.  We reverse and remand for further proceedings.

¶2     On July 19, 2010, MATL filed a Verified Complaint for Condemnation against Salois.  Salois subsequently moved for summary judgment.  The parties briefed the issues, attended a hearing in District Court, and filed post-hearing briefs.  On December 12, 2010, the District Court issued an order concluding "MATL does not possess the power of eminent domain, either express or implied, and it has no authority to take the private property of a nonconsenting landowner."  MATL appeals from that order.

¶3     By motion filed with this Court, MATL directs the Court's attention to House Bill 198, "An Act Clarifying a Public Utility's Power of Eminent Domain; Clarifying that a Person Issued a Certificate Under the Major Facility Siting Act has the Power of Eminent Domain; and Providing an Immediate Effective Date and Retroactive Applicability Date" (HB 198).  HB 198 was passed by both houses of the 2011 Montana Legislature and became law without the Governor's signature.  Mont. Ch. 321 L. 2011 (enacted and effective May 9, 2011).  The legislation provides:

> **Section 1.  Power of eminent domain.** A public utility as defined in 69-3-101 may acquire by eminent domain any interest in property, as provided in Title 70, chapter 30, for a public use authorized by law to provide service to the customers of its regulated service.
> **Section 2.  Power to exercise eminent domain.** A person issued a certificate pursuant to this chapter may acquire by eminent domain any interest

in property, as provided in Title 70, chapter 30, for a public use authorized by law to construct a facility in accordance with the certificate.

**Section 3. Codification instruction.** (1) [Section 1] is intended to be codified as an integral part of Title 69, chapter 3, part 1, and the provisions of Title 69, chapter 3, part 1, apply to [section 1].
(2) [Section 2] is intended to be codified as an integral part of Title 75, chapter 20, part 1, and the provisions of Title 75, chapter 20, part 1, apply to [section 2].

**Section 4. Contingent voidness.** If a repeal of the provisions of Title 75, chapter 1, parts 1 through 3, or a repeal of the provisions of Title 75, chapter 20, parts 1 through 4, is passed and approved during the 62nd legislative session, then [this act] is void.

**Section 5. Effective date.** [This act] is effective on passage and approval.

**Section 6. Retroactive applicability.** [Section 2] applies retroactively, within the, meaning of 1-2-109, to certificates issued after September 30, 2008.

¶4 Montana Rule of Evidence 202(b)(3) allows this Court to take judicial notice of "[r]egulations and legislative enactments issued by or under authority of the United States and of this and any state of the United States by or for their agencies or administrations." HB 198 is a legislative enactment issued under the authority of the State of Montana, and we take judicial notice of it. *See West v. Club at Spanish Peaks L.L.C.*, 2008 MT 183, ¶ 63, 343 Mont. 434, 186 P.3d 1228.

¶5 A law contained in the statutes of Montana is retroactive only if expressly so declared by the legislature. Section 1-2-109, MCA; *United States v. Juvenile Male*, 2011 MT 104, ¶ 7, 360 Mont. 317, ___ P.3d. ___. The Legislature explicitly provided for HB 198 to apply retroactively "to certificates issued after September 30, 2008." MATL received a Major

4

Facility Siting Act certificate on October 22, 2008. Thus, HB 198 applies to MATL's certificate.

¶6    The explicit language of HB 198 conflicts with the District Court's order. The District Court concluded that there was no support for MATL's contention that a "private merchant transmission line, without express or implied authority for condemnation, may pursue eminent domain proceedings by virtue of its establishing an enumerated use set forth in 70-30-102, MCA." As MATL correctly points out, HB 198 now expressly provides such authority. Furthermore, the District Court noted that the Major Facility Siting Act, Title 75, chapter 20, did not include "any provision granting eminent domain authority." However, HB 198 now explicitly codifies eminent domain authority into the Major Facility Siting Act.

¶7    HB 198 applies retroactively to MATL's certificate issued pursuant to the Major Facility Siting Act. Furthermore, the explicit language of HB 198 is in conflict with the District Court's order. We reverse the order of the District Court dismissing MATL's complaint for condemnation and remand for further proceedings.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ JIM RICE

5