
DA 12-0482

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 375N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

ALEXIS TISCAH LUTHER ALCHEM,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
                   In and For the County of Beaverhead, Cause No. DC 11-3430
                   Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Alexis Tiscah Luther Alchem (Self-Represented), Butte, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
                Attorney General, Helena, Montana

                Jed Fitch, Beaverhead County Attorney, Dillon, Montana

                       Submitted on Briefs:  December 3, 2013
                                Decided:  December 17, 2013

Filed:

                         _____
                               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Alexis Alchem appeals his June 2012 conviction for failure to register as a sex offender as required by the Sexual or Violent Offender Registration Act, §§ 46-23-504 to -507, MCA. The SVORA was enacted in 1989 and imposes a lifetime requirement upon sexual offenders, unless relieved by a court order, to register with a law enforcement agency when the offender is present in Montana. *United States v. Juvenile Male*, 2011 MT 104, ¶ 4, 360 Mont. 317, 255 P.3d 110. We affirm.

¶3 In July 2011 a law enforcement officer found Alchem sleeping near a restaurant in Dillon. The officer learned that Alchem had been convicted of a sexual offense in another state and that he was not registered as a sex offender in Montana. The officer informed Alchem of the registration requirement and of his duty to register within three days. Several days later officers responded to a complaint that Alchem was standing on a street corner with a sign that some found offensive, taking photos of people who passed by. Alchem still had not registered as a sex offender and was arrested, charged, and convicted.

¶4 Alchem represented himself at trial. He admitted in testimony that he had been convicted of a sexual offense in Minnesota in 1990 and that he did not register as a sexual offender after remaining in Beaverhead County for at least six days. On appeal Alchem contends that the charging documents in his case were inadequate and that the SVORA registration requirements were not applicable to him.

¶5 Alchem was charged in an Information supported by an Affidavit and filed with leave of the District Court. The Information and Affidavit described Alchem's prior conviction for a sexual offense, his contact with law enforcement officers in Dillon, the warning from law enforcement that he was required to register as a sex offender, and his stay in Dillon longer than three days. The Information charged him with a violation of §§ 46-23-504 and -507, MCA, set out the statutory penalty for failure to register, and listed the probable witnesses. The Information and Affidavit in this case were plainly sufficient to inform Alchem of the charges against him and to allow him to present a defense. *State v. Wilson*, 2007 MT 327, ¶ 25, 340 Mont. 191, 172 P.3d 1264.

¶6 Alchem contends that the Montana registration requirement did not apply to him because he had discharged the sentence in the underlying conviction of the sexual offense. Under Montana law the requirement to register as a sexual offender plainly applies "for the remainder of the offender's life" and is not dependent upon completion of the penalty for the underlying offense. Section 46-23-506(1), MCA; *State v. Mount*, 2003 MT 275, ¶ 29, 317 Mont. 481, 78 P.3d 829. A sexual offender may petition the district court for release from the registration requirement, § 46-23-506(3), MCA, *Mount*,

¶ 29, but Alchem did not do so. The SVORA registration requirement applied to Alchem.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court properly applied.

¶8 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT