# SUPREME COURT OF THE UNITED STATES

## UNITED STATES *v.* JUVENILE MALE

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 09–940   Decided June 7, 2010

PER CURIAM.

In 2005, respondent was charged in the United States District Court for the District of Montana with juvenile delinquency under the Federal Juvenile Delinquency Act (FJDA), 18 U. S. C. §5031 *et seq.* Respondent eventually pleaded "true" to knowingly engaging in sexual acts with a person under 12 years of age, which would have been a crime under §§2241(c) and 1153(a) if committed by an adult. In June 2005, the District Court accepted respondent's plea and adjudged him delinquent. The court sentenced respondent to two years' official detention and juvenile delinquent supervision until his 21st birthday. The court also ordered respondent to spend the first six months of his juvenile supervision in a prerelease center and to abide by the center's conditions of residency.

In 2006, Congress enacted the Sex Offender Registration and Notification Act (SORNA), 120 Stat. 590, 42 U. S. C. §16901 *et seq.* With respect to juvenile offenders, SORNA requires individuals who have been adjudicated delinquent for certain serious sex offenses to register and to keep their registrations current in each jurisdiction where they live, work, and go to school. §§16911(8); 16913. In February 2007, the Attorney General issued an interim rule specifying that SORNA's requirements "apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]." 72 Fed. Reg. 8897 (codified at 28 CFR §72.3 (2009)).

In July 2007, the District Court revoked respondent's

juvenile supervision, finding that respondent had failed to comply with the requirements of the prerelease program. The court sentenced respondent to an additional 6-month term of official detention, to be followed by a period of supervision until his 21st birthday. The Government, invoking SORNA's juvenile registration provisions, argued that respondent should be required to register as a sex offender, at least for the duration of his juvenile supervision. As "special conditions" of his supervision, the court ordered respondent to register as a sex offender and to keep his registration current. App. to Pet. for Cert. 39a.

The Ninth Circuit vacated the sex-offender-registration requirements of the District Court's order. 590 F. 3d 924 (2010). The Court of Appeals determined that "retroactive application of SORNA's provision covering individuals who were adjudicated juvenile delinquents because of the commission of certain sex offenses before SORNA's passage violates the Ex Post Facto Clause of the United States Constitution." *Id.*, at 927. The court thus held that "SORNA's juvenile registration provision may not be applied retroactively to individuals adjudicated delinquent under the [FJDA]." *Id.*, at 928.

The United States asks us to grant certiorari to review the Ninth Circuit's determination that SORNA violates the *Ex Post Facto* Clause as applied to individuals who were adjudicated juvenile delinquents under the FJDA prior to SORNA's enactment. Before we can address that question, however, we must resolve a threshold issue of mootness. Before the Ninth Circuit, respondent challenged only the conditions of his juvenile supervision requiring him to register as a sex offender. But on May 2, 2008, respondent's term of supervision expired, and thus he no longer is subject to those sex-offender-registration conditions. As such, this case likely is moot unless respondent can show that a decision invalidating the sex-offender-registration conditions of his juvenile supervision

Per Curiam

would be sufficiently likely to redress "collateral conse-
quences adequate to meet Article III's injury-in-fact re-
quirement." *Spencer* v. *Kemna*, 523 U. S. 1, 14 (1998).

Perhaps the most likely potential "collateral conse-
quenc[e]" that might be remedied by a judgment in re-
spondent's favor is the requirement that respondent re-
main registered as a sex offender under Montana law.
("By the time of the court of appeals' decision, respondent
had become registered as a sex offender in Montana,
where he continues to be registered today." Pet. for Cert.
29.) We thus must know whether a favorable decision in
this case would make it sufficiently likely that respondent
"could remove his name and identifying information from
the Montana sex offender registry." *Ibid*. Therefore, we
certify the following question to the Supreme Court of
Montana, pursuant to Montana Rule of Appellate Proce-
dure 15 (2009):

> Is respondent's duty to remain registered as a sex of-
> fender under Montana law contingent upon the valid-
> ity of the conditions of his now-expired federal juve-
> nile-supervision order that required him to register as
> a sex offender, see Mont. Code Ann. §§46–23–
> 502(6)(b), 41–5–1513(1)(c) (2005); *State* v. *Villanueva*,
> 328 Mont. 135, 138–140, 118 P. 3d 179, 181–182
> (2005); see also §46–23–502(9)(b) (2009), or is the duty
> an independent requirement of Montana law that is
> unaffected by the validity or invalidity of the federal
> juvenile-supervision conditions, see §46–23–502(10)
> (2009); 2007 Mont. Laws ch. 483, §31, p. 2185?

We respectfully request that the Montana Supreme
Court accept our certified question. The court's answer to
this question will help determine whether this case pre-
sents a live case or controversy, and there is no controlling
appellate decision, constitutional provision, or statute on
point. Mont. Rule App. Proc. 15(3). We understand that

Per Curiam

the Montana Supreme Court may wish to reformulate the certified question.  Rule 15(6)(a)(iii).

The Clerk of this Court is directed to transmit to the Supreme Court of Montana a copy of this opinion, the briefs filed in this Court in this case, and a list of the counsel appearing in this matter along with their names and addresses.  See Rules 15(5) and (6)(a)(iv).  Further proceedings in this case are reserved pending our receipt of a response from the Supreme Court of Montana.

*It is so ordered.*