[564 U.S. 932]

UNITED STATES, Petitioner

v

JUVENILE MALE

564 U.S. 932, 131 S. Ct. 2860, 180 L. Ed. 2d 811, 2011 U.S. LEXIS 4799

[No. 09-940]

Decided June 27, 2011.

**OPINION OF THE COURT**

[564 U.S. 932]
**Per Curiam.**

The Court of Appeals in this case held that the requirements of the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 *et seq.*, violate the *Ex Post Facto* Clause of the Constitution, Art. I, § 9, cl. 3, when applied

[564 U.S. 933]
to juveniles adjudicated as delinquent before SORNA's enactment. We conclude that the Court of Appeals had no authority to enter that judgment because it had no live controversy before it.

I

Respondent Juvenile Male was 13 years old when he began sexually abusing a 10-year-old boy on the Fort Belknap Indian Reservation in Montana. The abuse continued for approximately two years, until respondent was 15 and his victim 12. In 2005, respondent was charged in the District of Montana with delinquency under the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 *et seq.* Respondent pleaded "true" to charges that he knowingly engaged in sexual acts with a child under 12, which would have been a federal crime had respondent been an adult. See §§ 2241(c), 1153(a). The court sentenced respondent to two years of juvenile detention, followed by juvenile supervision until his 21st birthday. Respondent was to spend the first six months of his postconfinement supervision in a prerelease center. See *United States* v. *Juvenile Male*, 560 U.S. 558, 559, 130 S. Ct. 2518, 177 L. Ed. 2d 64 (2010) *(per curiam)*.

In 2006, while respondent remained in juvenile detention, Congress enacted SORNA. 120 Stat. 590. Under SORNA, a sex offender must "register, and keep the registration current, in each jurisdiction" where the offender resides, is employed, or attends school. 42 U.S.C. § 16913(a). This registration requirement extends to certain juveniles adjudicated as delinquent for serious sex offenses. § 16911(8). In addition, an interim rule issued by the Attorney General mandates that SORNA's requirements apply retroactively to sex offenders convicted before the statute's enactment. 72 Fed. Reg. 8897 (2007)

**813**

(codified at 28 CFR pt. 72 (2010)); see 42 U.S.C. § 16913(d).[1]

[564 U.S. 934]

In July 2007, the District Court determined that respondent had failed to comply with the requirements of his prerelease program. The court revoked respondent's juvenile supervision, imposed an additional 6-month term of detention, and ordered that the detention be followed by supervision until respondent's 21st birthday. 560 U.S., at 559, 130 S. Ct. 2518, 177 L. Ed. 2d 64. At the Government's urging, and over respondent's objection, the court also imposed a "special conditio[n]" of supervision requiring respondent to register and keep current as a sex offender. *Id.*, at 560, 130 S. Ct. 2518, 177 L. Ed. 2d 64 (internal quotation marks omitted); see Pet. for Cert. 9 (noting the Government's argument in the District Court that respondent should be required to register under SORNA " 'at least until' " his release from juvenile supervision on his 21st birthday).

On appeal to the Ninth Circuit, respondent challenged this "special conditio[n]" of supervision. He requested that the Court of Appeals "reverse th[e] portion of his sentence requiring Sex Offender Registration and remand with instructions that the district court . . . strik[e] Sex Offender Registration as a condition of juvenile supervision." Opening Brief for Defendant-Appellant in No. 07–30290 (CA9), p. 25. Then, in May 2008, with his appeal still pending in the Ninth Circuit, respondent turned 21, and the juvenile-supervision order requiring him to register as a sex offender expired. 560 U.S., at 560, 130 S. Ct. 2518, 177 L. Ed. 2d 64.

Over a year after respondent's 21st birthday, the Court of Appeals handed down its decision. 581 F.3d 977 (CA9 2009), amended, 590 F.3d 924 (2010). No party had raised any issue of mootness in the Ninth Circuit, and the Court of Appeals did not address the issue *sua sponte*. The court's opinion discussed only the merits and concluded that applying SORNA to juvenile delinquents who committed their offenses "before SORNA's passage violates the Ex Post

[564 U.S. 935]

Facto Clause." *Id.*, at 927. On that basis, the court vacated the District Court's condition of supervision requiring sex-offender registration and reporting. *Id.*, at 942. The United States petitioned for a writ of certiorari.

While that petition was pending, this Court entered a *per curiam* opinion in this case certifying a preliminary question of Montana law to the Montana Supreme Court. 560 U.S. 558, 130 S. Ct. 2518, 177 L. Ed. 2d 64 (2010). The opinion noted that a "threshold issue of mootness" might prevent us from reviewing the decision below on the merits. *Id.*, at 560, 130 S. Ct. 2518, 177 L. Ed. 2d 64. We explained that, because respondent is "no longer . . . subject" to the District Court's "sex-offender-registration conditions," respondent must "show that a decision invalidating" those conditions "would be sufficiently likely to redress 'collateral consequences adequate to meet Article III's injury-in-fact requirement.' " *Ibid.*

---

**1.** On December 29, 2010, the Attorney General finalized the interim rule. See 75 Fed. Reg. 81849. In *Reynolds* v. *United States*, No. 10–6549, this Court granted certiorari on the question whether sex offenders convicted before the enactment of SORNA have standing to challenge the validity of the Attorney General's interim rule. 562 U.S. 1199, 131 S. Ct. 1043, 178 L. Ed. 2d 862 (2011); Pet. for Cert. in *Reynolds*, p. *i*. *Reynolds* is slated to be heard next Term.

(quoting *Spencer* v. *Kemna*, 523 U.S. 1, 14, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). We noted that by the time of the Ninth Circuit's decision, "respondent had become registered as a sex offender in Montana." 560 U.S., at 561, 130 S. Ct. 2518, 177 L. Ed. 2d 64 (internal quotation marks omitted). Thus, "[p]erhaps the most likely potential 'collateral consequenc[e]' that might be remedied by a judgment in respondent's favor is the requirement that respondent remain registered as a sex offender under Montana law." *Id.*, at 560–561, 130 S. Ct. 2518, 177 L. Ed. 2d 64. In order to ascertain whether a decision invalidating the District Court's registration conditions would enable respondent to remove his name from the Montana sex-offender registry, the Court certified the following question to the Montana Supreme Court:

> "Is respondent's duty to remain registered as a sex offender under Montana law contingent upon the validity of the conditions of his now-expired federal juvenile-supervision order that required him to register as a sex offender, or is the duty an independent requirement of Montana law that is unaffected by the validity or invalidity of the federal juvenile-supervision conditions?" *Id.*, at 561, 130 S. Ct. 2518, 177 L. Ed. 2d 64 (citations omitted).

[564 U.S. 936]

The Montana Supreme Court has now responded to our certified question. See *United States* v. *Juvenile Male*, 2011 MT 104, 360 Mont. 317, 255 P.3d 110. Its answer is that respondent's "state law duty to remain registered as a sex offender is not contingent upon the validity of the conditions of his federal supervision order, but is an independent requirement of Montana law." *Id.*, at 318, 255 P.3d, at 111.

## II

▮ It is a basic principle of Article III that a justiciable case or controversy must remain "extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English* v. *Arizona*, 520 U.S. 43, 67, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) (internal quotation marks omitted). "[T]hroughout the litigation," the party seeking relief " 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Spencer, supra*, at 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (quoting *Lewis* v. *Continental Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)).

In criminal cases, this requirement means that a defendant wishing to continue his appeals after the expiration of his sentence must suffer some "continuing injury" or "collateral consequence" sufficient to satisfy Article III. See *Spencer*, 523 U.S., at 7–8, 118 S. Ct. 978, 140 L. Ed. 2d 43. When the defendant challenges his underlying *conviction*, this Court's cases have long presumed the existence of collateral consequences. *Id.*, at 8, 118 S. Ct. 978, 140 L. Ed. 2d 43; see *Sibron* v. *New York*, 392 U.S. 40, 55–56, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968). But when a defendant challenges only an expired *sentence*, no such presumption applies, and the defendant must bear the burden of identifying some ongoing "collateral consequenc[e]" that is "traceable" to the challenged portion of the sentence and "likely to be redressed by a favorable judicial decision." See *Spencer, supra*, at 7, 14, 118 S. Ct. 978, 140 L. Ed. 2d 43 (internal quotation marks omitted).

[564 U.S. 937]

At the time of the Ninth Circuit's decision in this case, the District Court's order of juvenile supervision had expired, and respondent was no longer subject to the sex-offender-registration conditions that he sought to challenge on appeal. 560 U.S., at 560, 130 S. Ct. 2518, 177 L. Ed. 2d 64. As a result, respondent's challenge was moot before the Ninth Circuit unless he could "show that a decision invalidating" the District Court's order would likely redress some collateral consequence of the registration conditions. *Ibid.* (citing *Spencer, supra*, at 14, 118 S. Ct. 978, 140 L. Ed. 2d 43).

As we noted in our prior opinion, one "potential collateral consequence that might be remedied" by an order invalidating the registration conditions "is the requirement that respondent remain registered" under Montana law. 560 U.S., at 560–561, 130 S. Ct. 2518, 177 L. Ed. 2d 64 (internal quotation marks and brackets omitted). But as the Montana Supreme Court has now clarified, respondent's "state law duty to remain registered as a sex offender is not contingent upon the validity of the conditions of his federal supervision order," 360 Mont., at 318, 255 P.3d, at 111, and continues to apply regardless of the outcome in this case. True, a favorable decision in this case might serve as a useful precedent for respondent in a hypothetical lawsuit challenging Montana's registration requirement on *ex post facto* grounds. But this possible, indirect benefit in a future lawsuit cannot save *this* case from mootness. See *Camreta* v. *Greene*, 563

U.S. 692, 712, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011); *Commodity Futures Trading Comm'n* v. *Board of Trade of Chicago*, 701 F.2d 653, 656 (CA7 1989) (Posner, J.) ("[O]ne can never be certain that findings made in a decision concluding one lawsuit will not some day . . . control the outcome of another suit. But if that were enough to avoid mootness, no case would ever be moot").

Respondent also argues that this case "cannot be considered moot in any practical sense" because, under current law, respondent may have "an independent duty to register as a

[564 U.S. 938]

sex offender" under SORNA itself. Brief in Opposition 6.[2] But ▮ the duty to register under SORNA is not a *consequence*—collateral or otherwise—of the District Court's special conditions of supervision. The statutory duty to register is, as respondent notes, an obligation that exists "independent" of those conditions. That continuing obligation might provide grounds for a preenforcement challenge to SORNA's registration requirements. It does not, however, render the current controversy regarding the validity of respondent's sentence any less moot.

Respondent further argues that this case falls within the established exception to mootness for disputes that are " 'capable of repetition, yet evading review.' " *Id.*, at 8 (quoting *Weinstein* v. *Bradford*, 423 U.S. 147, 148–149, 96 S. Ct. 347, 46 L. Ed. 2d 350 (1975) *(per curiam)*). ▮ This exception, however, applies only where "(1) the challenged action [is] in its

2. See 42 U.S.C. § 16911(8) (SORNA applicable if the juvenile was "14 years of age or older at the time of the offense and the offense adjudicated was comparable to or more severe than aggravated sexual abuse (as described in section 2241 of title 18)"); 72 Fed. Reg. 8897 (codified at 28 CFR pt. 72) (SORNA's requirements extend to sex offenders convicted before the statute's enactment).

duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer*, *supra*, at 17, 118 S. Ct. 978, 140 L. Ed. 2d 43 (internal quotation marks omitted). At the very least, respondent cannot satisfy the second of these requirements. He has now turned 21, and he will never again be subject to an order imposing special conditions of juvenile supervision. See, *e.g.*, *DeFunis* v. *Odegaard*, 416 U.S. 312, 94 S. Ct. 1704, 40 L. Ed. 2d 164 (1974) *(per curiam)*. The capable-of-repetition exception to mootness thus does not apply, and the Ninth Circuit lacked the authority under Article III to decide this case on the merits.

The petition for a writ of certiorari and respondent's motion to proceed *in forma pauperis* are granted. The judgment

[564 U.S. 939]

of the Court of Appeals is vacated, and the case is remanded with instructions to dismiss the appeal.

It is so ordered.

Justice **Ginsburg**, Justice **Breyer**, and Justice **Sotomayor** would remand the case to the Ninth Circuit for that court's consideration of mootness in the first instance.

Justice **Kagan** took no part in the consideration or decision of this case.